INT. & G. N. R'Y CO. V. WILHELMINE TIMMERMANN.

(Case No. 4943.)

1. RULES OF COURT.— Under the rules for the government of proceedings in the district court, it is the duty of the clerk to state in the caption of the transcript at what time the court from whose decision the appeal is taken finally adjourned. (Rules of District Court, 87.) It is the duty of the clerk to comply with this plain and imperative rule.

2. DAMAGES — TITLE — RIGHT OF ACTION.— It was shown that a widow who sued a railway company for damage caused by its negligence in burning up rails, grass and logs on a place occupied and claimed by her, had resided on the place in quiet possession thereof with her husband for eighteen years, and for four years after his death and before bringing suit, being undisturbed during both periods in her possession and claiming the place as a homestead. *Held:*

(1) That such possession constituted sufficient title to authorize the plaintiff to maintain the suit for damages to the property, and to recover for her own benefit such damage as by proper proof she could show that she sustained through the negligence of the defendant.

(2) May *v.* Slade, 24 Tex., 205, and Miller *v.* Brownson, 50 Tex., 592, referred to as containing nothing in conflict with the above.

2. RAILWAY COMPANY — DAMAGES BY FIRE.— When property is destroyed by fire along or near a railway track, if it be affirmatively shown that it resulted from sparks from the locomotive engine, the burden then rests on the railway company to show that the fire was not caused by its negligence.

3. SAME.— In order to charge the company, when the allegation is that the fire was caused from sparks from the engine, the jury must affirmatively find that this was true, and that the damage was caused by the negligence of the servants or agents of the company.

APPEAL from Comal. Tried below before the Hon. T. M. Paschal.

Wilhelmine Timmermann sued the I. & G. N. R. R. Co., in a justice court, upon the following account or statement, which was lodged with the justice of the peace, and formed the basis of the suit, to wit:

*The Int. & Great Northern R. R. Co.. To Wilhelmine Timmermann,*    DR.

| | |
|---|---|
| The value of a cedar rail fence, burned by fire from said company's engine.................................................................. | $95 00 |
| The value of cedar logs, burned by fire from said company's engine.... | 85 00 |
| The value of pasture grass, burned by fire from said company's engine.. | 15 00 |
| | $195 00 |

Judgment against the company for $170. The cause was appealed to the district court of Comal county, where the plaintiff again recovered a judgment against the company. Appellant assigned the following errors:

1. The court erred in allowing the plaintiff, over defendant's objection, when testifying as a witness, to testify by parol as to the ownership of the property.

2. The court erred in sustaining the plaintiff's objections to the admission of certain testimony offered by defendant to show that plaintiff was not entitled to recover in her own right the full value of the property destroyed. . . .

The character of plaintiff's title is shown by the opinion. The injury was shown to have resulted from sparks from the engine of the defendant.

*J. D. Guinn,* for appellant, cited: 6 Pick., 202; 24 Tex., 205; 11 Pick., 269; 12 Pick., 120–34; 13 Johns., 286; C. C. P., 745–46; W. & W. Ct. App., § 652; 8 Tex. Law Review, 122; R. R. *v.* Hall, W. & W. Ct. App., § 857; 10 Tex. Law Review, 157.

No briefs for appellee have reached the Reporter.

WEST, ASSOCIATE JUSTICE.— In the caption of this transcript, it is not stated, as always should be, when the district court finally adjourned (Rules of Dist. Court, No. 87). We have on this account had some little difficulty in ascertaining at once whether the statement of facts was in fact filed within ten days after the adjournment of the court, as was required by the order of the judge. Courts of justice, as a general rule, judicially know the time when the terms of the different courts of the state commence, where the time for their commencement is fixed by statute. They could not,

in the nature of things, however, in every instance, know the day of the final adjournment of the court. It has been held, by highly respectable courts, that while judicial notice will be taken of the time fixed for the commencement of the session of a court of record, that such like notice cannot be taken of the *duration* of any particular session of such court. See Wharton's Evidence, vol. 1, ch. 5, "Judicial Notice." See, also, vol. 1, Greenleaf on Evidence (13th ed.), ch. 2, sec. 6, notes 7 and 8, pp. 8 and 9.

In this case, however, while the record does not show on what day the session of the court ended, it does affirmatively appear from the record that it was in session on the 15th day of June, 1883, for on that day the order granting time to prepare a statement of facts in vacation was entered. As the statement of facts was filed, as a matter of fact, in less than ten days after that order was entered, it may be said that the record in this case furnishes sufficient evidence that the statement of facts was lawfully filed. It therefore becomes unnecessary to determine whether we could take judicial notice of the duration of the sessions of the district courts of the state. All necessity for inquiry into this matter would be obviated in every case if the clerk of the court, in preparing the record for this court, would comply with the plain and imperative rule of the district court which requires him, in every instance, to state in the caption of the transcript the day when the court ended its session.

Objection is here urged to the character of title exhibited on the trial by appellee.

The evidence disclosed that appellee and her husband had been in quiet and actual possession of the *locus in quo* for eighteen years before this suit was instituted. It also appears that the appellee, after the death of her husband, had, for four years before this action was brought, been in the undisturbed possession of the property injured, as her homestead, as a surviving widow and a head of a family. It also appeared that all her children acquiesced and consented to it. As a matter of fact, without reference to their consent, the surviving widow, as the head of a family, is entitled during her life-time to the exclusive possession and enjoyment of the homestead. R. S., art. 2004; Const. 1876, art. 16, sec. 52.

This species of possession constitutes in itself a sufficient title for her to maintain the present action for damages against this appellant.

The appellant, no doubt (and the record sufficiently shows this fact), enjoyed its right of way over the land, where the damage occurred, by the permission of the appellee or her husband. In such

a case as this (and our opinion in this, as it ought to be in all cases, is confined to the state of facts disclosed to us by the record) we believe the appellee disclosed a sufficient title to maintain this suit and to enable her to recover for her own benefit such damages as she could, by proper proof, show she sustained through the negligence of appellant.

The cases of May v. Slade, 24 Tex., 205, and Miller v. Brownson, 50 Tex., 592, cited and relied on by appellant, contain nothing at all in conflict with the rule laid down in this case. They present an entirely different state of facts from the case now under consideration.

The only remaining question to consider is whether the jury were authorized under the proof in finding that the injury and damage from the fire complained of resulted from the negligence of the appellant.

We have given the question of negligence in this connection much attention, and have examined all the authorities and adjudicated cases in our reach bearing on the question of damage by fire resulting from sparks emitted by passing railroad engines.

Our limited time will not permit us, nor do we deem it necessary in this opinion, at this late day, to treat at any great length of this question.

The general rule may be fairly stated to be, under the present state of the authorities, that where the property is destroyed by fire along or near the railroad track, if it be affirmatively shown as a matter of fact that the fire did actually occur from sparks of fire emitted from the locomotive engine, then the burden, after such affirmative proof is made, rests on the railroad company to show that there was in fact no negligence on its part in causing the fire.

The reasons given for requiring such proof as to the want of negligence to be made by the company seem to be good. The plaintiff cannot, in the nature of things, have access to the locomotive engine for the purpose of ascertaining if it is properly constructed and operated.

On the other hand, the agents and employees of the road know or are bound to know that the engine is properly equipped to prevent fire escaping, and they know in every instance whether any mechanical contrivances have been employed for that purpose, and they also know the character of such contrivances and appliances. Persons like the plaintiff, wholly unconnected with the company, and who only see the company's trains as they daily pass over their land at a high rate of speed, have no means whatever of information on such subjects.

In order to charge the road, the jury must, in every instance, find affirmatively that the sparks of fire causing the damage escaped from the smoke-stacks of its engines through the negligence of its servants or agents.

The burning, the injury, the escape of fire from the company's engine, and the negligence, are all facts required to be alleged and proved in every case.   But they can be proved, like all other facts, by such pertinent evidence as will satisfy a reasonable mind of their existence.

Railroad companies undoubtedly have the legal right to run steam-engines on their roads, but they have no right to scatter sparks of fire along their track; and when it is found that this is done by them, and the property of others is thereby destroyed, with no further explanation as to the cause of such destruction, the jury are, under all the circumstances, warranted in inferring that there has been some neglect on the part of the railroad company.

We have been greatly aided in the examination and investigation of the law applicable to this case by the able and satisfactory opinion of the late Judge Ector, who, as presiding judge of the court of appeals of this state, had occasion, in the case of H. & T. C. R. R. Co. v. McDonough, to examine into this question.   His opinion will be found well reported in the condensed reports of the decisions of that court in civil cases recently published by Judges White and Willson of that court.   See sections 651–655.   See, also, the case of Tex. & P. R. R. Co. v. Levi & Bro., 2 Tex. Law Review, p. 50 (Austin Term Sup. Ct., 1883 — 59 Tex., 674).   See, also, the well considered case of the G., C. & S. F. R. R. Co. v. Holt, 1 Tex. Law Rev., p. 199.

We have also, in this connection, examined many other cases. See, also, on this point, Chief Justice Redfield's views in vol. 1, ch. 17, of his work on Railroads, under the head of " Liability of Railroads for Fires by Engines."

In this same connection, see, also, Pierce on Railroads, ch. 16, under the head of " Injuries to Property by Fires," where the subject is treated quite fully, and in a very fair and satisfactory manner.

There is no material error in the judgment of the court below, and it is affirmed.

AFFIRMED.

[Opinion delivered May 30, 1884.]