G., C. & S. F. R'Y CO. v. W. L. JONES.

(No. 3603.)

APPEAL from Johnson County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

SMITH & CLARK and W. B. DUNHAM, counsel for appellant.

POINDEXTER & PADDLEFORD, counsel for appellee.

§ **14.** *Assignee of claim for damages may sue thereon in his own name; case stated.*   Mrs. Pode Johnson, surviving widow of Paddy Johnson, deceased, rented to appellee certain land, a portion of the homestead of herself and deceased husband, and which homestead she continued to occupy after her husband's death.   Appellee was to

cultivate the land during the year 1882, and pay as rent therefor, to Mrs. Johnson, one-third the crops produced. During that year there occurred a heavy rain-fall which caused the land to overflow with water, and the crops growing thereon were totally destroyed. Appellee brought this suit against appellant to recover damages for the loss of the crops, alleging that said overflow was caused by the unskilful and negligent construction of appellant's railroad across a certain creek, whereby said creek was obstructed and the natural flow of the water thereof diverted so as to overflow said land. Prior to the institution of the suit Mrs. Johnson assigned to appellee all her interest in the claim for damages herein sued upon. This she undoubtedly had the legal right to do, and such assignment vested in appellee the right of action for her interest in the damages, as well as for his own interest therein. [R. R. Co. v. Freeman, 57 Tex. 156.]

§ 15. *Surviving widow may sue alone for damage done to homestead or crops growing thereon; children of deceased husband are not necessary parties to such suit; case overruled.* On the trial it appeared in evidence that Paddy Johnson, deceased, left surviving him four children. Appellant contends that these children owned an interest in the damages claimed which could not be assigned by the widow, and were necessary parties to this suit. *Held:* This position is supported by the decision of this court in the case of the Mo. Pac. R'y Co. v. Teague [2 W. Con. Rep. p. 685], but the contrary doctrine has been held by our supreme court in the case of I. & G. N. R. R. Co. v. Timmerman, 61 Tex. 660. Believing that our view of the question as announced in the Teague case is erroneous, we overrule that decision and adopt the view announced by our supreme court in the Timmerman case, which is, that the surviving widow, as the head of a family, is entitled, during her life-time, to the exclusive possession and enjoyment of the homestead, and may maintain, in her own name and right, an

action to recover damages to such homestead or the crops thereon growing; and although there may be surviving children of the deceased, they are not necessary parties plaintiff to such suit.

November 4, 1885.                              Affirmed.