TEX. & PAC. R'Y CO. v. WILLIAM LAND.

(No. 2075.)

APPEAL from Van Zandt County. Opinion by WILLSON, J.

WHITTAKER & BONNER, counsel for appellant.

KEARBY & McCHESNEY, counsel for appellee.

§ 50. *Fire from railroad engine; evidence to prove negligence; case stated.* Suit by appellee to recover of appellant $520, damages from the result of a fire, which he alleges was set out by the negligent use and management of its locomotive engines. He alleges that the fire destroyed one hundred and twenty panels of fence, worth $30; that thereby stock got into his inclosure and destroyed eight acres of cotton, worth $200; that there was destroyed thirty cords of wood, worth $3 per cord, and that there was also burned off one hundred acres of grass pasturage, worth $2 per acre.

To this the defendant interposed a general demurrer and general denial. A trial resulted in a verdict and

judgment for the plaintiff for the sum of $422, upon which a *remittitur* was entered, reducing it to the sum of $380, and from this judgment this appeal is prosecuted.

Upon the trial appellee was permitted, over the objections of appellant, to prove that other fires had been set along appellant's line of railway about the time of the fire in question, and at other places than the fire in question, some of which places were twenty miles distant. With regard to this evidence appellant's counsel advance the following proposition:

"The evidence that at other times and places there were fires on defendant's railway is not admissible to prove negligence on its part in setting out the fire in question, unless it is shown that such fires originated from defendant's engines, and in a negligent manner."

This proposition is contrary to the rule as settled in this state. It was proper to admit the evidence, not only for the purpose of proving negligence, but also for the purpose of proving that the fire originated from appellant's engine. [W. & W. Con. Rep. §§ 653, 837, 838; 2 W. Con. Rep. § 681; R. R. Co. v. Timmerman, 61 Tex. 660.]

§ **51.** *Destruction of grass, etc., by fire; measure of damage in such case.* In his charge to the jury the judge instructed as follows: "In estimating the damages sustained by the plaintiff you will consider what is the reasonable market value of the property charged to have been burned and destroyed." There is no other instruction as to the measure of damage. *Held:* With respect to the rails, cotton and cord-wood, the instruction is correct. With respect to the grass, a different measure of damages controls. The grass, not having been severed from the soil, was a part of the realty, and its destruction, if damage resulted therefrom, was damage to the land. In such case, the well-established measure of damage is, the difference between the value of the land for the purpose for which it was used before the fire and im-

mediately thereafter. [2 W. Con. Rep. §§ 144, 288, 710, 713.] If the land was used as a meadow to gather hay from, the market value of the grass upon it, suitable for hay, would be considered in estimating the damage. If it was used for pasturage only, then its reasonable value for such purpose would be considered. If it was not used for any purpose, and the grass growing thereon was of no appreciable value to the plaintiff, but was a common range for stock, these facts should also be considered in estimating the injury sustained by the plaintiff. Whatever might be the state of facts with reference to the land, the measure of damages we have stated furnishes a guide by which the actual injury sustained can be ascertained with reasonable certainty. At any rate, this court does not feel authorized to depart from this rule until a more certain, just and satisfactory one has been declared, and we acknowledge our inability to improve upon it.

§ 52. *Excessive verdict.* The verdict and judgment are excessive. The farthest extent to which the plaintiff, under his pleadings and the evidence, is entitled to recover is as follows:

| | |
|---|---:|
| For twenty-six cords of wood at $2 per cord................... | $52 00 |
| For one thousand two hundred rails........................... | 30 00 |
| For eight acres of cotton.................................... | 120 00 |
| For sixty acres of grass at $2 per acre, the value alleged in the petition.................................................. | 120 00 |
| | $322 00 |

The verdict and judgment are for $422. Plaintiff entered a *remittitur* of $42, reducing the judgment to $380, but leaving it still excessive in the sum of $60.

November 28, 1885.          Reversed and remanded.