G., C. & S. F. R'Y CO. v. J. W. JOHNSON ET AL.

(No. 2002.)

APPEAL from Fort Bend County. Opinion by WILLSON, J.

JONES & GARNETT, counsel for appellant.

GOLDTHWAITE & EWING, counsel for appellees.

§ **123.** *Fire communicated by railroad engine; negligence in such case; burden of proof as to; evidence of negligence held insufficient; case stated.* Appellee for himself, and as guardian for Emma, Carrie and Milbank Johnson, brought suit against appellant to recover $400 damages, alleged to have been caused by appellant in the destruction by fire, communicated from its engine, of the grass and fences on land owned by appellees in common. The cause was tried by the judge without a jury, and judgment was rendered for appellees for $271.50 and costs. *Held:* Conceding that the evidence is sufficient to warrant the finding that the fire was caused by sparks emitted from appellant's engine, it is not sufficient to warrant the conclusion that it was the result of negligence. Such conclusion is, we think, clearly against the weight of the evidence. Whilst it was proved that on other occasions, both prior and subsequent to the fire in question, appellant's engines had set fire to the grass on and near appellees' land, it was proved by appellant, and was not contradicted, that the only two engines which could have caused the fire in this instance were in good condition, were burning coal, were supplied with the best appliances for the prevention of the escape of fire, and were operated carefully. It was also proved by appellant that the utmost caution had been used in the construction and inspection and repair of these engines with a view to prevent the escape of fire therefrom. This strong proof of the absence of negligence was met only by the evidence of former and subsequent fires in the same vicinity caused by engines on appellant's road. While this slight evidence of negligence was sufficient to establish the liability of appellant *prima facie*, it is too weak to withstand the positive, full and uncontradicted evidence adduced in rebuttal, showing that the utmost caution had been used by appellant to prevent fire escaping from these engines. If appellant's evidence does not successfully rebut and overcome the slight evidence of negligence it would seem to us that it would be useless

to attempt to break down the *prima facie* case of the plaintiff by counter proof. We think the judgment of the court is manifestly against the weight of the evidence, and is clearly wrong, and such being our view, under the rule as it now obtains, this court will set aside the judgment. [2 W. Con. Rep. § 761.]

NOTE.—In G., C. & S. F. R'y Co. v. Holt, W. & W. Con. Rep. § 839, this court held that, in case of a conflict of evidence, this court would not disturb a verdict, unless it clearly appeared that it was without evidence to support it, or that it was manifestly contrary to evidence. Recent decisions have modified the rule, and it is now as stated in the preceding section, that is, that the verdict will be set aside when it is without evidence or *manifestly against the weight of evidence.*

It was incumbent upon appellees, to entitle them to recover in this action, to prove not only that the fire originated from appellant's engine, but that its escape from the engine, or its communication to the grass, etc., was the result of negligence on the part of appellant or its employees. [W. & W. Con. Rep. §§ 653, 837; 2 W. Con. Rep. § 420.] The fact that fire did escape from an engine and set fire to the grass, etc., is not alone sufficient proof of negligence, for it is impossible even by the use of the best appliances, and the exercise of the greatest caution, to operate railroad engines without the escape of some fire therefrom. [2 W. Con. Rep. §§ 64, 681; R. R. Co. v. Timmerman, 61 Tex. 660.]

February 24, 1886.    Reversed and remanded.