## TEXAS & PACIFIC RAILWAY COMPANY V. H. G. ROSS.

### No. 368.

1. **Railway—Negligence—Fire.**—Appellant is not relieved from negligently permitting bark and other inflammable matter to accumulate on its track, from which fire was communicated to appellee's property, by reason of the fact that it used the latest appliances to prevent escape of fire.

2. **Same—Lessee.**—Appellant, as lessee of the track which was to be kept in repair by the lessor, is not excused from negligence in permitting fire to escape from the track, when it knew, or could have known, of the inflammable material on the track.

3. **Charge.**—A charge, that negligence from allowing combustible matter to remain on the track, and whether defendant was guilty of contributory negligence in placing his wood near the track, were questions for the jury to determine from all the evidence in the case, was correct.

### ON MOTION FOR REHEARING.

4. **Contributory Negligence.**—The appellee was not guilty of contributory negligence in placing his wood near the railroad track, where it was covered with inflammable material, if he placed the wood at a point on or near the track prepared by the railway for loading the wood, and it was the only place the wood could be unloaded for shipment. The railroad can not screen itself from the result of its negligence by the fact that appellee knew the bad condition of the track before he placed his wood near it.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL, Special Judge.

*Edwards & Edwards,* for appellant.

*Millard Patterson,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee recovered a judgment in the lower court, against appellant, for $1753.65, on a claim for $1800, alleged to have accrued by the negligence of appellant in setting fire to and destroying 600 cords of wood, which had been placed near the railroad for shipment.

Appellant pleaded contributory negligence on the part of appellee in placing his wood so near the track that it was ignited; that the track upon which the fire occurred was not owned by appellant, but by the Galveston, Harrisburg & San Antonio Railway Company. The case was tried before a jury. The verdict included the interest on the value of the wood from the time of its destruction to time of trial.

We find the following facts:

1. In March, 1890, appellee placed 600 cords of green wood near the track of the railroad in El Paso County, between the city of El Paso and Sierra Blanca. The railroad between Sierra Blanca and El Paso is operated jointly by appellant and the Galveston, Harrisburg & San Antonio Railway Company, and the wood had been placed near the railroad to be shipped, and in a position where it was customary to be placed for shipment.

2. The fire was communicated to the wood by means of the ignition of dry and combustible material which appellant knew had accumulated on the track and the right of way, and endangered surrounding property.

3. The combustible material which was negligently left on the right of way was negligently run over and ignited by sparks from an engine belonging to and operated by appellant, and 600 cords of wood be-

longing to appellee, of the value of $2.75 per cord, was destroyed by the carelessness and negligence of appellant.

Appellee showed by circumstances that the wood was ignited by sparks from an engine belonging to appellant, and the burden of proof was upon appellant to show that the fire did not occur by reason of negligence on its part on account of defective appliances. It showed in this case that it was using the latest and best spark arrester, and that its appliances were first class, and having done this, the prima facie case of appellee was rebutted. Railway v. Benson, 69 Texas, 409. The charge of which complaint is made in the first assignment is a good presentation of the law, as held in the Benson case, as well as others. Railway v. Horne, 69 Texas, 643; Railway v. Timmermann, 61 Texas, 660; Railway v. Hogsett, 67 Texas, 685.

The second assignment of error is hypercritical, and without merit. The petition charges, "that at the time said fire occurred, and at the place where the same occurred, the said defendant, whose duty it was to keep its right of way free from combustible materials, allowed the said right of way over which it did business and operated its cars to become very much encumbered with dry bark, chips, sticks, trash, and other combustible matter incident to the handling of large quantities of wood, and said sparks catching to and igniting said dry and combustible matter, was conveyed to the said wood of plaintiff, and the same was consequently destroyed as aforesaid." The court, in qualifying a charge in which the jury was instructed that it might find for the appellant, said: "Unless you find further, that at said time and place the defendant company, or the railroad over whose line defendant was then and there operating its engines and cars, had negligently permitted an accumulation of ignitible, combustible matter on its right of way, and that said combustible matter caused said fire, and near the place where said wood was burned." It is complained that this was erroneous, because it instructs the jury to find for appellee, whether the fire was communicated to the combustible material or not. In the clause from which the language complained of is taken, the jury are several times reminded that the sparks must have come from appellant's engine; and we would be forced to conclude that the jury were not men of even ordinary intelligence if they could have been misled by the charge.

The charge of the court, after stating the issues, is as follows:

"1. That the burden of proof in this case is on the plaintiff to establish his cause of action by a preponderance of evidence. You are the exclusive judges of the facts proved, and of the weight to be given to the testimony. The law applicable to this case you will take from this charge, and be governed thereby.

"2. Railroad companies are authorized and permitted by law to run their trains upon their tracks, propelled by steam generated by fire,

and they are authorized to use all reasonable means which will enable them to carry out the purpose for which they were created. They are permitted to use fire in their furnaces, and are not to be restricted in their operation or held to liability because sparks of fire may be emitted from their engines. They are required to keep their engines in good order, and to carefully and skillfully handle and operate them, and to use and keep in good order such other appliances as the experience of practical railroad men determine are among the best, and to prevent the accumulation of combustible material on their right of way or the right of way used by them in the operation of their trains. They are not required to do more. If no appliances are invented to prevent the escape of sparks and fire, and at the same time allow sufficient steam to be generated to properly propel their trains, then they are only required to use such appliances as are considered among the best by railroad experts.

"If you find that plaintiff's wood was destroyed, as alleged, by sparks and fire emitted from defendant company's engine, you will find for plaintiff, and assess his damages at the reasonable market value of the wood so destroyed at the time and place, with legal interest from that date to the present time; unless you further find that the engine, at the time of the fire, was in good repair and skillfully handled by competent employes, and that it was supplied with appliances considered among the best by practical railroad men to prevent the escape of sparks and fire, and that said appliances were in good order, and that the servants and employes of defendant did not negligently permit the escape of fire therefrom; and if you so find, you will find for the defendant, although you may believe that the fire was caused by sparks from the engine operated by the defendant company; unless you further find, that at said time and place the defendant company, or the railroad over whose line defendant was then and there operating its engines and cars, had negligently permitted an accumulation of ignitible and combustible material on its right of way, and that said combustible material caused said fire at and near the place where plaintiff's wood was so burned.

"If you believe from the evidence that defendant negligently permitted the accumulation of combustible material on its right of way at the place where plaintiff's wood was placed, and that plaintiff caused his said wood to be placed where it was situated at the time it was burned, if you say it was burned, and you further believe, from all the conditions and circumstances surrounding and attending the placing of the wood there at the time, it might have been reasonably anticipated, by a man in the exercise of reasonable care and prudence, that it was likely to be set on fire by defendant's engines when operated in a proper manner and when supplied with the most approved spark arresters and appliances to prevent the escape of fire, and when

engines and other appliances were being operated in a prudent and careful manner; or if you believe from the evidence that plaintiff was guilty of contributory negligence in leaving his wood where it was at the time it was burned, if you say it was burned, and that he might have reasonably anticipated that it was likely to be set on fire by defendant's engines when operated and supplied as above explained, then you should find for the defendant, although you may believe from the evidence that said fire may have been caused by the negligence of defendant's agents or employes.

"The question of negligence on the part of defendant in this case is one of fact for you to determine from all the evidence in this case. So with the question of contributory negligence on the part of plaintiff, and in determining these questions you are charged to look to all the evidence in this case.

"If you should find for the plaintiff, you are charged that the measure of damages is the reasonable market value of the wood in question at the time and place of the fire, with legal interest from that date to this date."

This charge, when taken as a whole, is not open to the criticisms passed upon it, and there is no invasion of the province of the jury; and the jury were instructed that the question of negligence on the part of appellant was one of fact to be determined from all the evidence in the case. The proof in this case is conflicting in regard to the control of the road between El Paso and Sierra Blanca, where the damage was done. Appellee Ross swears that it was operated by the two railroads jointly. A. C. Wheeler, a witness for appellant, testified, that the Galveston, Harrisburg & San Antonio Railway Company had the duty of keeping the track and right of way in repair. Whether appellant is charged with keeping the track in repair or not, we are of the opinion that there was a lack of proper care and caution in running over a track covered as this was with combustible matter, and by reason of this want of due care and caution appellant's liability would attach. The fact of the accumulation of combustible material on and near the track and in close proximity to the wood, was open and visible, and appellant by the exercise of any caution could have ascertained the defect. While it might with some degree of force and reason be argued that a railroad company running trains over a leased track would not be responsible for any defect in the track that was unknown or could not have been known by the exercise of care, still the converse of this proposition would be true. "If the danger might have been discovered by the exercise of due care, the defendant will be liable, whether the defect was in the original construction of the road or was due to a failure on the part of the lessor to make necessary repairs, or however otherwise it may have been caused." Littlejohn v. Railway, 29 N. E. Rep. (Mass.), 103, and the numerous au-

thorities therein cited. The lessee of a railroad will not be permitted to escape the consequences of its own negligence by the plea that it is the duty of the lessor to keep the track in proper order. When it injures or destroys life, person, or property, by not exercising due care and caution, it will be held to be responsible, whether the road belongs to it or not. None of the assignments are well taken.

The judgment is affirmed.

*Affirmed.*

Delivered June 6, 1894.

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The fire by which the wood was destroyed occurred on the line of railway between Sierra Blanca and El Paso, owned by the Galveston, Harrisburg & San Antonio Railway Company, which is used jointly by the two companies. Appellant negligently set fire to the wood at the place where it was put for shipment, and can not shield itself on the ground of some secret understanding that it may have had with the Galveston, Harrisburg & San Antonio Railway Company. The spur or switch had been placed where it was in order that wood might be shipped. This was the place designated by the railroad company for wood to be placed for shipment, and there is no other place shown to have been prepared for the shipment of wood. Appellee had to put his wood there or not ship it, and he can not be precluded from the recovery of his damages by a failure of the railroad company to have its track in proper condition, no matter if he did put his wood in a place where he knew there was inflammable material. The railroad can not screen itself from the result of its negligence by the fact that appellee knew of the bad condition of the track before he placed his wood near it. Railway v. Trawick, 80 Texas, 270. There is nothing whatever in the case of Railway v. Dessommes, 15 Southwestern Reporter, 806, that is in antagonism with our decision. It was affirmatively proved in the Dessommes case that the railway company that was sued did not own and had no connection whatever with the crossing on which the accident occurred. Of course it was not responsible; and if appellant had not been using the track between Sierra Blanca and El Paso just like the owner did, it would not be responsible. We see no reason to change our opinion as to the law or facts, and the motions for rehearing and to find additional facts are overruled.

*Motion overruled.*

Delivered October 18, 1894.

A writ of error was refused.

NEILL, Associate Justice, did not sit in this cause.