HOUSTON & TEXAS CENTRAL RAILROAD COMPANY V. ALEXANDER WASHINGTON.

Decided April 20, 1910.

**1.—Negligence—Pleading.**

Where an engine or machinery was in the exclusive control of defendant, the condition and management thereof being peculiarly within its knowledge, it is not necessary that plaintiff's pleading specify the particular defects or mismanagement which caused the injury complained of. In such case (locomotive engine alleged to have set out fire) a general allegation of negligence is sufficient.

**2.—Railway—Fire—Sufficiency of Proof.**

In order to make a prima facie case of negligence by a railway in permitting the escape of fire, there must be affirmative proof that the fire was communicated from its engine, but this may be made by circumstances, such as the passage of an engine emitting many sparks shortly before the appearance of fire in plaintiff's barn 113 feet from the track, and the absence of any other probable cause for such fire. If this is found sufficient to establish the fact of communication of fire, it is also sufficient to make a prima facie case of negligence in its communication, calling on defendant for proof of due care in the equipment and handling of the engine.

**3.—Same—Requested Charge.**

Instructions held sufficient in requiring affirmative proof that fire was communicated from defendant's engine, to justify the refusal of a requested charge on that subject.

**4.—Charge—Rebutting Prima Facie Case.**

A charge requiring a verdict for plaintiff in an action for damages by fire from a railway locomotive if the prima facie case of its communication and inferentially of negligence was established and was not rebutted by defendant's proof, was not an instruction on the weight of evidence.

**5.—Evidence—Witnesses Under Rule.**

Where witnesses had been placed under the rule it was within the discretion of the court to permit the examination of one who had been present during their examination, his presence being unknown at the time to counsel offering him, who had him summoned after the trial began.

**6.—Fire—Negligence—Conflict of Evidence.**

Where plaintiff proved the emission of sparks from defendant's engine unusual in quantity and size, proof by defendant to show that it was properly equipped and handled made a case of conflicting testimony on which the question of negligence was one for the jury to determine.

**7.—Evidence—Contents of Books.**

A bookkeeper could not be permitted to testify as to the contents of entries in books made by his assistant, relating to transactions of which he had no personal knowledge. The books were the best evidence.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*Baker, Botts, Parker & Garwood* and *O. L. Stribling,* for appellant. —The act or omission relied on as constituting actionable negligence must be set out with sufficient certainty, as against a special exception, to put the defendant on notice of the evidence that may be offered against it, and this rule is not met by pleading a conclusion. Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W., 785.

Plaintiff must establish affirmatively that his property was destroyed by fire set out from appellant's locomotive. Railway Co. v. Timmerman, 61 Texas, 660; Railway Co. v. Henson, 5 S. W., 822; Bartlett v. Railway Co., 6 S. W., 549; Railway Co. v. Menzen Bros., 113 S. W., 1,000.

The undisputed evidence disproves negligence. Railway Co. v. Bartlett, 69 Texas, 79; Railway Co. v. Johnson, 92 Texas, 591; Galveston, H. & S. A. Ry. v. Chittim, 71 S. W., 294; Smith v. Railway Co., 72 S. W., 22.

The testimony of witness McQueen should have been excluded. Texas & P. Ry. Co. v. Leggett, 86 S. W., 1066; Railway Co. v. Jackson, 89 S. W., 968; Railway Co. v. Arnett, 88 S. W., 448; Watkins, etc., Co. v. Campbell, 84 S. W., 424; W. F. Exp. Co. v. Williams, 71 S. W., 314; Railway Co. v. Scott, 86 S. W., 1065; Railway Co. v. White, 62 S. W., 133; Railway Co. v. Scurlock, 78 S. W., 490; Railway Co. v. Startz, 77 S. W., 1; Berry v. Joiner, 101 S. W., 289; Railway Co. v. Garlington, 92 S. W., 270.

The charge of the court was insufficient to place the burden of proof upon the appellee, and was prejudicial to the rights of the appellant. Kerr v. Blair, 105 S. W., 551; Railway Co. v. Alderete, 81 S. W., 1246.

*Spivey, Bartlett & Carter,* for appellee.—Plaintiff's petition was sufficient. Railway Co. v. Wilbank, 113 S. W., 218, and authorities there cited.

The verdict of the jury as to the origin and cause of the fire is amply and fully sustained by the evidence. Railway Co. v. Blakeney-Stevens-Jackson Co., 106 S. W., 1142; Railway Co. v. Rice, 59 S. W., 833; Railway Co. v. Johnson, 50 S. W., 563; Railway Co. v. Levine, 29 S. W., 514; Railway Co. v. Horne, 69 Texas, 643.

The charge of the court as complained of was not upon the weight of the evidence. Railway Co. v. Prude, 12 Texas Ct. Rep., 955.

The testimony of McQueen was properly admitted. Railway Co. v. Startz, 94 S. W., 207.

JENKINS, ASSOCIATE JUSTICE.—This was a suit by appellee to recover damages for loss of property by fire, alleged to have been

caused by sparks from defendant's engine. There was a verdict and judgment for appellee, from which appellant prosecutes this appeal, and assigns as error, first, the overruling of its special exception to appellee's petition, in that it did not set out the alleged negligence with sufficient certainty. The petition alleged, as negligence, "that said locomotive was so defectively and improperly built and constructed, and was so carelessly, negligently and unskilfully managed by the agents and servants and employes in charge thereof that sparks of fire escaped from said locomotive and set fire to plaintiff's barn," etc. Where it appears that the engine or machinery was in the exclusive control of the defendant or its servants, from which it necessarily follows that its condition and management were matters peculiarly within the knowledge of defendant, it is not necessary to specify the particular defects or mismanagement. In such case a general allegation of negligence is sufficient. St. Louis S. W. Ry. Co. v. Wilbanks, 113 S. W., 319; International & G. N. Ry. Co. v. Timmerman, 61 Texas, 663; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Texas, 276, 11 S. W., 1104.

Appellant's second and third assignments of error are to the effect that the verdict is not sustained by the evidence. The evidence showed that appellee's barn was situated 113 feet east of appellant's track; that appellant's freight train passed along by said barn a short time before said fire; that it was puffing and emitting large sparks in unusual numbers. There is nothing to indicate that the fire originated in any other manner; no one is shown to have been in or about the barn shortly before it caught fire. It is true that, in order to make a prima facie case of negligence, where the damage occurred by reason of fire claimed to have originated from the sparks of an engine, it is necessary that there should be affirmative proof that the fire so originated, but this proof may be made by circumstantial evidence. Railway Co. v. Timmerman, supra. In fact, as a general rule, it could not be shown in any other way. That the engine passed just before the fire started, and was emitting sparks at the time, is a circumstance from which the jury might well find that the fire originated from such sparks. It being shown to the satisfaction of the jury that the fire did originate from the sparks of an engine, a prima facie case of negligence on the part of the defendant is made out, and it devolves upon the defendant to meet such case by evidence of the good condition of its engine and spark arrester, and the proper management of the same. This is reasonable, because such evidence, to meet such prima facie case, is peculiarly within the knowledge of the defendant, and the burden of producing it should be cast upon him. Railway Co. v. Timmerman, supra; Gulf, C. & S. F. Ry. Co. v. Benson, 69 Texas, 407, 5 S. W., 823; Gulf, C. & S. F. Ry. Co. v. Meentzen, 113 S. W., 1002; Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591, 50 S. W., 563; Galveston, H. & S. A. Ry. Co. v. Horne, 69 Texas, 643.

Appellant's fourth assignment of error is as to the failure of the court to give a requested charge to the effect that the plaintiff was required to show affirmatively, by a preponderance of the evidence, that the fire which destroyed the property actually originated from sparks emitted from defendant's engine. The court in its main charge

instructed the jury that, in order for the plaintiff to recover, he must show that the fire originated from sparks emitted by defendant's engine. The principal difference between the charge given and the one requested is the use of the word "actually." We think it was proper for the court to refuse to give this charge, as it added nothing to the charge already given, unless it should have impressed the jury with the belief that the court thought the facts insufficient as to this matter. The opinion of the court as to the facts proven ought never to be intimated in a charge given.

Appellant, in its sixth assignment, complains of the charge of the court which instructs the jury "that, if they believed from the evidence that the defendant failed to use ordinary care to provide its locomotive engine, from which the sparks may have escaped that caused the fire (if it was so caused), with the best approved spark arresters in general use, or that the agents and employes of the defendant operating and handling said locomotive engine failed to use ordinary care to prevent the escape of sparks, then the prima facie case made out (if made out) by proof of sparks escaping and causing the fire has not been rebutted, and if you so find you will find for the plaintiff." The objection to said charge being that it is upon the weight of the evidence. The law is, as hereinbefore stated, that the prima facie case is made out by proof that the fire originated from the sparks of the engine, and that it devolves upon the defendant to meet such prima facie case. The charge of the court is not upon the weight of the evidence. Railway Co. v. Johnson and Railway Co. v. Horne, supra.

Appellant complains of the action of the court in permitting a witness to testify, who was in the courtroom and heard other witnesses testifying, the rule having been demanded. It appears that this witness had been summoned after the trial began, and that neither plaintiff nor his attorneys knew of his presence in the courtroom. We can not say the court abused its discretion in allowing this witness to testify.

Appellant complains of the verdict, and alleges that it met the prima facie case of the plaintiff by proving that the engine was equipped with the best method known for preventing the escape of sparks, and that it was in good repair and operated by a skilful engineer in a careful manner. Whilst the defendant produced such testimony, the testimony of the plaintiff showed that said engine was emitting great numbers of sparks of very large size—one witness says as large as a man's thumb. Another witness says: "It looked like the engine was throwing bushels of sparks, coming out by the wholesale; it looked like the whole smokestack was on fire." Defendant's evidence showed that if the spark arrester was of the most approved pattern, and in good condition, it could not emit large sparks. If the testimony of plaintiff's witnesses was true, either the spark arrester was not of approved pattern or it was not in good condition. Texarkana & F. S. Ry. Co. v. O'Kelleher, 21 Texas Civ. App., 96, 51 S. W., 54. It was for the jury to pass on the credibility of the witnesses and the weight to be given to their testimony.

We find no error in the record, except that which is complained of in appellant's fifth assignment of error, which, in effect, is that the

court erred in permitting the witness T. B. McQueen to testify as to what the books of the cotton-oil mill showed as to the market price of cotton seed, a part of the recovery sought being for the alleged destruction of two tons of cotton seed. McQueen was the bookkeeper, and had general supervision of the cotton-seed-oil mill at Marlin at the time said barn was destroyed, to wit, on the 5th day of February, 1907. He testified that his books showed that the oil mill was paying $13 a ton for cotton seed on that day. He further testified that cotton seed was received by the scale-man, and the weight and price thereof reported by him to the bookkeeper; that he had an assistant bookkeeper by the name of Brown who usually made the entries; that he did not have any personal recollection as to the price of cotton seed on the fifth day of February, and he did not know whether or not he was present on that day or had anything to do with the entries made by Brown on the books of the company on that day. The defendant objected to this testimony on the ground that it was hearsay, and not the best evidence. We think the contention of the defendant in this regard was sound, and, upon said objection being made, the books of the oil mill company should have been produced as being the best evidence·of the price paid by said mill for cotton seed on that date. It was not competent for McQueen to testify as to the contents of said books, the same not being produced in court, and the objection being made that his testimony was not the best evidence.

For the error of the court in permitting said McQueen to testify what his books showed as to the market price of cotton seed, as hereinbefore set out, the judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*

Associate Justice Rice not sitting in this case.