SCHATTENBERG v. HOUSTON E. & W. T. RY. CO. (No. 6648.)

(Court of Civil Appeals of Texas. Galveston. May 19, 1914. Rehearing Denied June 18, 1914.)

1. JUDGMENT (§ 106*)—DEFAULT JUDGMENT—DEFAULT IN PLEADING—EXCUSES.

While under Rev. St. 1911, art. 1934, providing that the second day of each term of the district or county court is appearance day, and article 1936, providing that, upon the call of the appearance docket or at any time after appearance day, plaintiff may take judgment by default against a defendant duly served with process, who has not previously filed an answer, plaintiff would ordinarily have been entitled to judgment by default on the appearance day of the April term where, though service was perfected in time to require defendant to answer at that term, no answer was filed, the court did not abuse its discretion in refusing to grant judgment by default and in treating the case as an appearance case for the July term and denying a judgment by default on the first day of that term, where, at the January term, it had ordered that only probate matters would be heard at the April term, that no civil matters would be called for trial and no judgment by default or otherwise rendered, and that no cases would be tried except by agreement, since the judge is invested with a large discretion in the matter of the control of his docket, and would doubtless have set aside a default judgment on the simple showing that defendant relied upon the order of the court continuing the docket.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*]

2. RAILROADS (§ 484*)—ACTIONS FOR INJURIES BY FIRE—QUESTIONS FOR JURY.

In an action against a railroad company for the value of pecan trees destroyed by fire, evidence *held* to make a question for the jury as to whether the fire was set out by defendant's locomotive, and a verdict for defendant was therefore improperly directed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

Appeal from Nacogdoches County Court; Geo. F. Ingraham, Judge.

Action by A. C. Schattenberg against the Houston East & West Texas Railway Company. From a judgment on a directed verdict for defendant, plaintiff appeals. Reversed and remanded.

Arthur A. Seale, W. A. Wade, and June C. Harris, all of Nacogdoches, for appellant. Baker, Botts, Parker & Garwood, and Jno. T. Garrison, all of Houston, for appellee.

McMEANS, J. Appellant, Schattenberg, brought this suit against the appellee to recover damages in the sum of $600, the alleged value of certain pecan trees claimed to have been destroyed by fire alleged to have been started by the negligent escape of fire from appellee's locomotive, while being operated over its railway track. After hearing the evidence the court instructed the jury selected to try the case to return a verdict for appellee, and this being done, judgment was accordingly entered for appellee, and Schattenberg has appealed.

[1] The original petition was filed April 5, 1913, and service of citation was perfected in time to require the defendant to answer at the April term of the court, which convened 15 days later. On appearance day, no answer having been filed by the defendant, the plaintiff in open court asked for judgment by default with a writ of inquiry. This was denied by the court, and no further action was sought or taken in the case at that term. On the first day of the next succeeding term, held in July, 1913, the defendant still not having answered, the plaintiff again appeared in open court and asked for a judgment by default with a writ of inquiry. This was also denied, and plaintiff took a bill of exceptions. In explanation of his action the trial judge added the following qualification to the bill of exceptions:

"The April term comes in the spring of the year, and it has been customary not to have at said term the trial of cases, and at the January term, 1913, it was ordered by the court that only probate matters would be heard at the April term, 1913, and that no civil matters would be in any manner called for trial, and no judgment by default or otherwise rendered, and no cases tried unless by agreement of all parties, except two or three specific cases in which it was agreed that, if the parties wanted juries, the sheriff might summons them; and no jury was drawn for the April term, 1913, for the above reasons, and no trials were had except in some of the above-excepted cases, and under the orders of the court this case was considered by it as an appearance case at the July term, 1913, and this rule was enforced in the cases."

Appellant, by his first assignment of error, complains of the action of the court in denying him judgment by default on the first day of the July term, 1913.

The statutes make the second day of a term of the county court appearance day, at which time the plaintiff may take judgment by default if the defendant has not answered. Revised Statutes 1911, arts. 1934, 1936. This being true, the plaintiff in this case, under ordinary circumstances, was entitled to a judgment by default on appearance day of the April term; the defendant not then having answered. But the court having at the preceding term made an order to the effect that no civil cases would be tried at the April term and no judgment by default allowed, and the defendant presumably being apprised of the order, was justified in assuming that no judgment would be taken against it by default, and therefore was excusable for not filing an answer at the April term. The judge is invested with a large discretion in the matter of the control of his docket and in setting default judgments aside upon proper showing, and we cannot imagine that had he allowed the judgment by default when requested at the April term, or on the first day of the July term, he would have had the least hesitancy in setting it aside upon the simple showing of the defendant that he had relied upon the order of the court continuing

---
*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the docket, and in view of the general custom of that court in reference to its business at the April term and of the order made at the preceding term. We cannot say that the judge, in these circumstances, abused his discretion by treating the case as an appearance case for the July term, and in not allowing a judgment by default on the first day thereof. The assignment is overruled.

[2] The second assignment complains of the action of the court in instructing a verdict for the defendant.

Plaintiff was the owner of a large number of young pecan trees growing a short distance from defendant's railroad. Defendant had permitted its right of way to grow up in grass and weeds, which, on the advent of winter, had become dead and dry and very inflammable. Plaintiff lived about 1¼ miles east of Garrison and a short distance east of the pecan orchard. Plaintiff's wife testified that she left her home to go to Garrison between 1:30 and 2 o'clock in the afternoon, and that in going to Garrison she had to travel close to the railroad; that when she left home there was an engine and cars on a spur track opposite her house, east of the pecan grove, loading ties, and that the engine was headed east; that there was no fire burning on the right of way as she went to town; that before she reached Garrison she met or was passed by a train, she could not remember which; that when she returned home that afternoon the orchard had been burned over.

H. Williamson, who lives 300 or 400 yards from plaintiff, testified: That he passed plaintiff's house on his way to Garrison early in the afternoon of the day of the fire. He was in a buggy with E. M. Rhodes. That after he passed plaintiff's home, and at a point opposite the orchard, he noticed a little fire on defendant's right of way opposite the pecan orchard, and two of Mr. Campbell's little boys were trying to put it out. That the fire had then burned over a space about 20 feet square. The grass on the right of way was grown up and dry. Did not remember seeing any train after he left his house and as he was on his way to Garrison. Had seen engines on defendant's railroad set out fires along the right of way. The engines burn oil.

E. M. Rhodes testified in substance that he lives at Timpson, and on the day of the fire had started to Garrison in a buggy, and as he went by Williamson's house he picked him up and they rode together to Garrison; that he passed the pecan orchard about 1 o'clock and saw the little fire testified about by Williamson, and testified about the two boys trying to put it out; that he met a train on defendant's railroad before he got to Schattenberg's. Witness says he passed the place where the fire was about 1 o'clock.

Glenn Campbell, 12 years old, testified in substance that he saw the fire that burned through the pecan orchard, and it was then about 3:30 o'clock in the afternoon; that it was burning on the right of way when he saw it and had already spread over and burned the trees; that when he and his brother got to the fire it was burning toward and along the right of way, having already burned the orchard, and that they stopped and tried to put it out; that he did not see or hear any train pass while walking up the railroad track.

This is the substance of all the testimony offered to prove that the fire was set out by defendant's locomotive. The defendant offered no proof. We think that this testimony was sufficient to raise the issue presented by the pleadings, and that the court incorrectly took the issue from the jury by instructing a verdict for defendant. The circumstances were sufficient to indicate that the fire was set out by defendant's locomotive. A train had only recently passed before the fire was seen by Williamson and Rhodes, and the only place where the grass was then burning was upon the right of way where the grass and weeds were tall and dry. This was sufficient, we think, to raise the issue of the fire being set out by the locomotive, and sufficient to shift to the defendant, which offered no evidence, the burden of proving that its locomotives were equipped with proper spark arresters or other devices to prevent the setting out of fires, and of due care and diligence upon the part of its operatives in handling the train. Railway v. Timmerman, 61 Tex. 663; Railway v. Ratliffe, 2 Willson, Civ. Cas. Ct. App. § 681.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.