## NO. 2530

## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY *v.* W. F. HORNE.

1. JURISDICTION.—The statute which determines the venue of suits against railway companies makes no distinction as to the character of actions. as it does where a natural person is defendant, and a suit against a railway company for an injury done to one's land and grass by fire caused by negligence of the company, may be maintained not only in the county in which the cause of action arose, but in any county through or into which the company operates its road, or in which it has an agency or in which its principal office is situate.

2. CONTINUANCE.—A party, to a suit who seeks a second continuance of the cause can not defeat the right of his adversary to an immediate trial by making his statement of the needed evidence so indefinite as to render it uncertain what verdict the jury would have found if the witness had testified and the verdict had been based on the testimony.

3. NEGLIGENCE—BURDEN OF PROOF.—Where grass is burned from sparks escaping from a passing locomotive engine, negligence will be presumed. If by reason of the appliances to guard against fire which were used, the company has exercised care and prudence, that fact is within its knowledge and the burden of proof is upon the company to show it.

4. CHARGE OF COURT—NEGLIGENCE.—In such a suit after instructing the jury in effect that when grass is burned near the right of way of a railway company by sparks escaping from its engine, negligence would be presumed, the court further instructed: "Such prima facie case can only

be rebutted by the defendant showing to your satisfaction that at the time in question the engine was properly constructed with the best approved appliances for preventing the escape of fire, and the appliances were all in good repair and condition as regards the escape of fire, or that all reasonable care and caution had been taken to keep them in repair and condition, and that the engine was carefully and skilfully handled as regards the escape of fire," *held*, there was no error.

5. MEASURE OF DAMAGES.—In such a case the measure of damages for the destruction of grass is its value on the place where it grew at the time of its destruction, unless the fire resulted in permanent injury to the land, in which event, the difference between the value before the fire and that after the fire, must afford the correct measure of damages. In either case interest on such value from the date when the damage was sustained, may be recovered.

APPEAL from Colorado. Tried below before the Hon. Geo. McCormick.

The charge referred to in the opinion will be found quoted in the syllabus.

The fire from which the injury resulted, occurred in December, 1885. The petition alleged that the grass was so dry when the fire occurred that it "not only destroyed the grass itself, but that it actually destroyed the turf and roots of the grass; that appellee was engaged in hay farming, and was engaged with hands and teams at the time of the accident, in cutting and marketing his hay, that the destruction of the turf and roots of the grass damaged his land five dollars per acre. He claimed six thousand six hundred and fifty dollars damages, and recovered a verdict for five thousand three hundred and five dollars and forty-seven cents, damages. The sustaining of the plea to the jurisdiction in so far as the claim for damage to the land was concerned, eliminated that question from the estimate of the jury in their verdict.

*Brown & Dunn*, for appellee: On their proposition that the suit should have been brought in the county where the land was situate, cited Revised Statutes, section 1198, subdivision 13; Stark v. Burr, 56 Texas, 130.

That the defendant's application should have been granted, they cited Revised Statutes, section 1278; Cleveland v. Cole, 65 Texas, 404.

On the charge of the court which referred to negligence, they cited Pierce on Railroads, page 437; Railway Company v. Medaris, 64 Texas, page 92.

On measure of damages, they cited Railway Company v. Joachimi, 58 Texas, 460.

*Foard, Thompson & Townsend*, for appellee: On the plea to the jurisdiction, they cited Revised Statutes, article 1198, subdivisions 8 and 21; Armendaiz v. Still man, 54 Texas, 623.

On the application for continuance, they cited Revised Statutes, article 1278; McMahan v. Busby, 29 Texas, 194; Allyn v. Willis & Bro., 65 Texas, 65; Railway Company v. Hardin, 62 Texas, 369; Watson v. Blymer Manufacturing Company, 66 Texas, 559; Railway Company v. Ragsdale, 67 Texas, 24.

That the charge of the court was correct, they cited Railway Company v. Hogsett, 67 Texas, 688; Railway Company v. Levi & Bro., 59 Texas, 675; Railway Company v. Timmermann, 61 Texas, 660.

As to fullness and clearness of charge, they cited Insurance Company v. Ende, 65 Texas, 118; Endick v. Endick, 61 Texas, 559.

As to how tested, they cited Rosenthal & Co. v. Middlebrook, 63 Texas, 333; Railway Company v. Wright, 62 Texas, 515.

As to charging on defense where there is no proof, they cited Whiteset v. Miller, 1 Unreported Cases, 203; Box v. Word, 65 Texas, 159; Railway Company v. Rider, 62 Texas, 267; Algelt v. Brister, 57 Texas, 432; Mills v. Ashe, 16 Texas, 304.

On the measure of damages, they cited Railway Company v. Johnson, 65 Texas, 393; Railway Company v. Hogsett, 67 Texas, 686; Railway Company v. Seymour, 63 Texas, 345.

WILLIE, CHIEF JUSTICE. This suit was brought by the appellee against the appellant to recover compensation for damages done to the former's land and grass by fire escaping from an engine passing upon the appellant's road. The land lay in Wharton county, and the suit was brought in Colorado. The railway company pleaded to the jurisdiction upon the ground that the suit, being for damages to land, should have been brought in the county where the land was situated. This plea was sustained so far as the claim of damage to the land was concerned, but overruled as to the claim for the value of the grass consumed. This ruling was excepted to by the appellant and forms the subject of the first assignment of error.

The suit was filed on the ninth of October, 1886, and the cause was tried on the eighth of September, 1887. When the case

was called for trial, the appellant moved to continue for want
of the presence of material witnesses, which motion was over-
ruled by the court, and the appellant reserved a bill of excep-
tions. The ruling of the court upon the motion to continue is
the subject of the second assignment of error. The court gave
the following charge to the jury: "If the jury believe from the
evidence that the grass growing on the land of plaintiff was
destroyed by fire, caused by fire or sparks escaping from defend-
ant's engine while passing along the road of defendant in man-
ner and form as charged in plaintiff's petition, then these facts
would make a prima facie case of negligence against the de-
fendant, and such prima facie case can only be rebutted by the
defendant showing to your satisfaction that, at the time in ques-
tion, the engine was properly constructed with the best ap-
proved appliances for preventing the escape of fire, and that
the appliances were all in good repair and condition as regards
the escape of fire, or that all reasonable care and caution had
been taken to keep them in such repair and condition, and
that the engine was carefully and skillfully handled as regards
the escape of fire therefrom."

This charge is alleged to be erroneous in the third assignment
of error. The court also charged that the measure of damages
was the value of the grass at the time it was destroyed, and in
the condition it was at that time. This charge forms the sub-
ject of the fourth and fifth assignments of error. The jury
found a verdict for the appellee for four thousand six hundred
and fifty-five dollars, with eight per cent interest from the eighth
day of December, 1885, and the appellant contends that the
finding is so excessive as to show that the jury were influenced
by passion and prejudice in arriving at the amount of their
verdict. The court below having entered judgment in accord-
ance with the verdict, the defendant appealed to this court.

The court did not err in overruling the plea to the jurisdic-
tion. The twenty-first subdivision of article 1198, of the Re-
vised Statutes, provides that suits against any private corpora-
tion may be commenced in any county in which the cause of
action or a part thereof arose, or in which such corporation has
an agency or representative, or in which its principal office is
situated; and that suits against a railroad corporation may also
be brought in any county through or into which the railroad of
such corporation extends or is operated. The petition alleged

that the defendant operated a line of railroad through Colorado county, and had an agent at the county site of that county.

These facts were not disputed, and the defendant was liable to suit in that county for the cause of action set forth in the petition. The statute makes no exception as to suits of this character when brought against this kind of corporations, as it does in reference to individuals, and we can make none. (White & Willson's Civil Cases, sec. 701.)

The ruling upon the motion to continuance was also correct. The bill of exceptions does not show whether a continuance of the cause was sought for the first or second time by the defendant. The affidavit evidently attempts to comply with the requirements of an affidavit for a second continuance; but we think it insufficient in setting forth the facts which the affiant expected to prove by the absent witnesses. This is required, not only for the purpose of allowing the court to judge of their materiality, but to enable the adverse party to admit what the absent witnesses would state, and thereby prevent a postponement of the trial. This affidavit does not state with any certainty what would be the evidence of the absent witnesses. It says they would prove the value of the grass to have been much less than the plaintiff claimed. The plaintiff claimed that it was worth five dollars per acre. How much less than this would the testimony of these witnesses have made its value? A person seeking a second or any subsequent continuance of a cause can not defeat the right of his adversary to an immediate trial, by making his statement of the needed evidence so indefinite as to render it uncertain what verdict the jury would find if the witnesses were present, and the jury based their verdict upon the truth of the testimony. Had the appellee admitted the truth of the proposed evidence, he could not have contradicted it at the trial by other witnesses, and the jury would have been without any guide as to the value of the grass, and the verdict would have been without evidence to support it, no matter what might be its amount.

Besides, the verdict of the jury fixed the value of the grass at three dollars and fifty cents per acre, which was much less than that claimed by the appellee. How are we to know that the appellant was prejudiced by the absence of his witnesses, not knowing that they would have fixed its value at less than the amount recovered. There was no error in the charge complained of. It is in accordance with the decis-

ions of this court. There is a conflict in the decisions of England and America as to whether the escape of sparks from a passing engine is prima facie evidence of negligence on the part of the company running the engine. We are aware that numerous authorities can be found in which it is made the duty of the party complaining of injuries done to his property by reason of fire kindled from such sparks to show negligence on the part of the company, but we think that those decisions which throw the burden upon the company of showing that the sparks did not escape because of any negligence on its part are best supported by reason. They place the burden of proof upon the party having the means of producing the necessary evidence upon the subject. The employes know the condition of the engine and of the appliances used to prevent the escape of fire, and they should be informed as to whether these were sufficient for that purpose. The injured party would not, as a general thing, be possessed of any such information, and he could not ordinarily obtain it. To require him to make the proof would, in most instances, be a denial of justice, and would allow the party doing the wrong to escape by concealing the facts which brought it about. Hence our courts have adopted the salutary rule of presuming the existence of negligence against the party who has the means of disproving it and fails to make use of them (Ryan v. Railway Company, 65 Texas, 20), and have followed that line of decisions, which casts the burden of proof in such cases upon the company, and as we believe our former decisions upon the subject are founded upon good reason we are not inclined to change the rule assumed by them. (Railway Company v. Timmermann, 61 Texas, 660; Railway Company v. Hogsett, 67 Texas, 685. (See also White & Willson's Civil Cases, section 653, where the authorities upon both sides of the question are collated.

We can not say that the proof required to rebut the presumption of negligence was too onerous. The charge of the court in this respect seems to be in accord with the great weight of authority. It did not require that the appliances should be such as rested merely in experiment, but such as had been approved or tested by use and experience. (See 1 Thompson on Negligence, 154 et seq.)

But if the charge had been erroneous in this respect it did no harm, for the prima facie case of negligence made out by the

plaintiff was not rebutted by the defendant with a particle of evidence of any character whatever.

The court gave the correct measure of damages for the destruction of the grass, as has been ruled by this court in similar cases. It is only when the damage to the land is permanent that the difference in its value before and that after the fire is to be calculated. (Railway Company v. Johnson, 65 Texas, 393; Railway Company v. Hogsett, 67 Texas, 686; Railway Company v. Seymour, 63 Texas, 345.) To charge the jury that they may find the value of the grass in the condition it was in when consumed, includes a charge that the value at the place where it was growing is the proper measure of damages. Grass growing in the soil has no market in its then condition except at the place where it is grown. Moreover, the evidence showed that the grass had a different value in other places from that where it was growing, and the jury find the value placed upon it at the place where it was growing and whilst attached to the soil.

The plaintiff was entitled to interest upon the value of the property destroyed, and the jury were correct in allowing it to him, whether so charged by the court or not. The rule in such cases is the same as in an action for tespass, namely, the value of the property with interest from the date it was lost to the plaintiff. (Railway Company v. Joachimi, 58 Texas, 456; Blum v. Merchant, Id., 400.)

As we can not judicially know that the grass upon appellee's land was partly or wholly unfit for hay on the eighth of December, 1886, we can not say that the jury were influenced by passion or prejudice in assessing the amount found by their verdict. The overwhelming weight of the evidence was to the effect that the grass was fit for hay and worth the amount found by the jury. They were citizens of the neighborhood, and better judges of the truth of the fact testified to by the witnesses than we can possibly be; and whilst the verdict may seem excessive, we can not disturb it for any reason appearing upon the face of the record. There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 7, 1888.