## TEXARKANA & FORT SMITH RAILWAY COMPANY v. MARTHA O'KELLEHER.

Decided April 6, 1899.

**Railway Company—Negligence—Defective Spark-Arrester.**

The emission from a locomotive engine of a cinder larger than would escape from an engine in proper condition is prima facie evidence of negligence, rendering the company liable to a person in the gallery of a neighboring house whose eye was struck and destroyed by the cinder.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer,* for appellant.

*Hugh Jackson* and *W. L. Douglass,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by Martha O'Kelleher against the Texarkana & Fort Smith Railway Company to recover damages for the loss of an eye caused by a cinder escaping from a locomotive engine running upon the defendant's railway. The case was tried by a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $560.

Plaintiff was standing on the gallery of a residence situated ninety-seven feet from the defendant's railway track and just outside of its right of way. A shower of cinders escaping from an engine passing along the track and operated by the defendant's servants fell upon the gallery and one of them struck the plaintiff in the right eye and lacerated the cornea so that sight was destroyed. The engine was equipped with a spark-arrester, but it was not shown to be in good condition, and it appeared that the cinders escaping therefrom were larger than would have escaped if the spark-arrester had been in proper condition, or if the engine had been properly equipped to prevent the escape of sparks and cinders. The cinder that wounded the plaintiff's eye was a larger one than should have been permitted to escape.

From the facts of the case we would have no hesitation in saying that the defendant would have been liable for damages resulting from a fire set out by the escaping cinders or sparks that injured the plaintiff's eye, and the question is, is there any difference in principle between the injuries resulting from the same state of facts? In the case of fire, the liability of the defendant would depend upon its permitting sparks to

escape that it was in its power to prevent by the exercise of proper diligence in the equipment of its engine with appliances for that purpose, and in keeping them in good condition, as well as in the operation of the engine. If the defendant should fail to exercise such diligence and damage should result, it would be held guilty of negligence. Railway v. Timmermann, 61 Texas, 660; Railway v. Horne, 69 Texas, 643; Railway v. Wallace, 74 Texas, 581.

The fact that the fire is set out from sparks shown to have escaped from a passing engine is prima facie evidence of negligence. The business of the defendant being lawful, it is not responsible for accidents resulting from the running of locomotives over its railroad by the agency of steam, provided it has exercised the requisite care to prevent damage. But the damage to result from an act must be proximate and not remote; it must be such as reasonably might have been expected as liable to result from the act causing it. This is a familiar principle of law. Destruction of property by fire escaping from an engine is an apparent consequence of permitting it to escape. A spark is liable to fall in combustible material and kindle a fire. So are cinders emitted from the smoke-stack of a passing engine liable to fall upon persons near the track, and the eye, being an exposed portion of the body, is apt to be struck. While it is more obvious that a spark falling in combustible material will set out a fire than that a cinder is likely to get into the eye of a person near the track, yet the latter consequence is none the less direct, and, although not as likely to happen, might be easily foreseen. So if the defendant permitted cinders to escape from its engine, that by exercise of due care it could have prevented, and injury resulted to the person of one near the track by coming in contact with the eye, we do not see on principle why it should not be deemed guilty of negligence and held liable for the resultant damages. We have been unable to find a case where a person thus injured has brought an action, but we think the case here presented falls within the principle above mentioned, and that the defendant was negligent in permitting the cinders to escape with respect to the injury done.

None of the assignments of error present any ground for a reversal of the judgment of the court below. It will therefore be affirmed.

*Affirmed.*

Writ of error refused.