### Texas Midland Railroad Company v. S. J. Jumper.

Decided February 2, 1901.

**1. Railway Company—Spark Arrester—Negligence—Burden of Proof.**

A charge to the jury that "if you find that plaintiff [a passenger on the defendant company's train] was injured in the eye by a cinder from the engine, the burden of proof is on the defendant to show that its engine was equipped with the best appliances obtainable for preventing the escape of sparks and cinders; that it had used ordinary care to keep its said appliances in good condition, and that its servants in charge of the train used ordinary care in its operation at the time," is held a correct statement of the law. Following Railway v. O'Kelleher, 21 Texas Civil Appeals, 96.

**2. Same—Degree of Care Required of Railway Company.**

A change in such case that the defendant company must show that its engine was equipped with the best appliances obtainable, without qualification as to whether such appliances are in use, or have been approved, placed upon the railroad a higher duty than that imposed by law.

Appeal from the County Court of Lamar. Tried below before Hon. William Hodge.

*Edgar Wright,* for appellant.

*Allen & Dohoney,* for appellee.

BOOKHOUT, Associate Justice.—S. J. Jumper sued the Texas Midland Railroad for $1000 for injuries to his right eye, alleged to have been caused on December 17, 1898, while a passenger on appellant's south-bound passenger train, by the negligent emission of a red-hot cinder from the engine. The case was tried December 22, 1899, before a jury, and verdict and judgment rendered against defendant for $1000. Defendant has appealed.

Appellant's second assignment of error complains of the following charge given to the jury at the request of the plaintiff: "The burden of proof is on the plaintiff to show by a preponderance of the testimony that he was injured by a spark or cinder that escaped from defendant's engine; but if you find from the evidence that he was so injured by a cinder from defendant's engine, the burden of proof is on defendant to show that its engine was equipped with the best appliances obtainable for the prevention of the escape of sparks and cinders; that it had used ordinary care to keep its said appliances in good condition, and that the operatives in charge of said train used ordinary care in the operation and handling of the train at the time of the alleged injury."

This charge is objected to, among other things, because it permits plaintiff to recover upon proof of the injury, without requiring him to show negligence on the part of defendant which proximately caused the same; and further, that it is upon the weight of evidence.

The charge is to the effect that plaintiff must show by a preponderance of the testimony that he was injured by a spark or cinder that escaped from defendant's engine; but if they found that plaintiff was

so injured by a spark from defendant's engine, then the burden of proof is on the defendant to show that its engine was properly equipped, etc. This charge is supported by the law as laid down by the Court of Civil Appeals for the First District in the case of Railway v. O'Kelleher, 21 Texas Civil Appeals, 96. The decision in that case met the sanction of the Supreme Court in the refusal by that court of an application for a writ of error.

The reasons for placing the burden of proof on defendant to show that its engine was properly equipped, proof having first been made by plaintiff that he was injured by the escape of a spark or cinder from the engine, are, as laid down by the Supreme Court, that "the plaintiff can not, in the nature of things, have access to the locomotive engine for the purpose of ascertaining if it is properly constructed and operated. On the other hand, the agents and employes of the railroad know, or are bound to know, that the engine is properly equipped to prevent fire escaping, and they know in every instance whether any mechanical contrivances have been employed for that purpose, and they also know the character of such contrivances and appliances." Railway v. Timmerman, 61 Texas, 663. We conclude that the charge is not subject to the above exception.

The next objection made to the above charge is, that it imposes too high a degree of care on defendant in requiring its engine to be equipped with the best appliances obtainable for the prevention of the escape of sparks. In cases of this character the defendant is required to show that its engine is equipped with the most approved fire arrester in use. Railway v. Bartlett, 81 Texas, 45. To charge that the defendant must show that its engine was equipped with the best appliances obtainable, without qualification as to whether such appliances are in use or have been approved, placed upon the railroad a higher duty than that imposed by law. Railway v. Nesbitt, 11 Texas Civ. App., 610; Railway v. Bartlett, supra. We conclude that the charge was erroneous in this respect, and that for such error the judgment must be reversed.

A further criticism is made to the charge to the effect that it requires the defendant not only to show that its engine was equipped with the best appliances obtainable, and that they were in good condition, and that the engineer operated the engine in a careful manner, in that it further required the defendant to show that there was no negligence in the operation of the train. This criticism is without merit. When it was shown by the plaintiff that the injury occurred as the result of a spark escaping from defendant's engine, the burden was then cast upon defendant to show that such injury was not occasioned by its negligence. Railway v. Horne, 69 Texas, 643.

In view of another trial, we do not deem it proper to discuss the assignment relating to the sufficiency of the evidence to support the verdict. For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*