R. A. Ross v. St. Louis Southwestern Railway Company of Texas.

Decided June 12, 1907.

Railway—Fire—Prima Facie Case—Charge.

An instruction upon the proof necessary to rebut the prima facie case of negligence raised by showing that fire was communicated to plaintiff's property by sparks escaping from defendant's engine, is erroneous if it omits the requirement that the appliances for preventing the escape of sparks must be shown to have been kept in good order; and this is true though the only evidence as to their condition was testimony of defendant's employees that they were so kept.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Evans & Elder*, for appellant.—The burden of proof was on the appellee to show that the appliances also were in good repair. Texas & P. Ry. Co. v. Rice, 24 Texas Civ. App., 374; Gulf, C. & S. F.

Ry. Co. v. Baugh, 43 S. W., 557; Texarkana & Ft. S. Ry. Co. v. O'Kelleher, 21 Texas Civ. App., 97.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellee.—The charge complained of required the jury to find that defendant had used due care to equip its engine with proper appliances for preventing the escape of fire and it was not equipped with such appliances if the same were defective or out of repair. The charge therefore covered the point in issue at least by implication, and if plaintiff and intervener desired an instruction more directly covering that point they should have requested same.

The uncontroverted evidence showed that the spark arrester of the engine in question was in good repair at the time of the fire and there was no disputed issue of fact relating to the question of repairs to be submitted to the jury.

The evidence offered by defendant on the issue as to whether the spark arrester of the engine in question was in good repair was sufficient to rebut any inference or presumption that the same was out of repair arising from the fact that sparks escaped from the engine and fired plaintiff's property, and, no controverting evidence being offered by plaintiff and intervener on this point, the charge complained of was not erroneous in omitting special reference to that issue.

KEY, Associate Justice.—Appellant brought this suit against appellee, seeking to recover damages for destruction of and injury to two houses and certain household and kitchen furniture, alleged to have been caused by fire which originated from cinders or sparks negligently permitted to escape from an engine operated by defendant.

The plaintiff alleged in his petition that the engine was not equipped with the best approved appliances for the prevention of the escape of sparks and cinders; that the appliances were defective and out of repair, and that the employes operating the engine were guilty of negligence in the management and operation thereof.

The defendant pleaded a general denial and averred that the engine was equipped with the most approved appliances in use; that the same were in good repair and that the engine was operated and handled in a careful and prudent manner, and that it had used due diligence in the matters complained of in the plaintiff's petition.

The jury returned a verdict for the defendant, upon which judgment was rendered, and plaintiff has appealed.

The court instructed the jury, in substance, that if they found from the evidence that sparks of fire escaped from the defendant's engine and set fire to the plaintiff's property and injured and destroyed the same, such facts would constitute a prima facie case of negligence on the part of the defendant, and, in the absence of rebutting evidence, would render the defendant liable. Immediately following that, the court charged the jury as follows:

"If you find from the evidence that sparks of fire escaped from

the defendant's engine and set fire which caused the plaintiff's injuries, but if from the evidence you find that the defendant exercised ordinary care to equip the engine from which the sparks escaped, if they did, with the most improved spark arresters in use, and that the agents and employes of the defendant in charge of said engine used ordinary care in operating said engine, to prevent the escape of sparks, then you are instructed that the prima facie case made out by proof, if any, of escape of sparks and fire, resulting therefrom is rebutted, and if you so believe, you will find for the defendant."

By his first assignment of error appellant complains of this charge for the reason that, in addition to the facts recited therein, the law required the defendant, in order to rebut the plaintiff's prima facie case, to show that it had exercised ordinary care to keep the appliances on the engine to prevent the escape of sparks, in repair. This objection to the charge is well taken, and requires a reversal of the case. Texas & P. Ry. Co. v. Rice, 24 Texas Civ. App., 374; Galveston, H. & S. A. Ry. Co. v. Horne, 69 Texas, 643; Texarkana & Ft. S. Ry. Co. v. O'Kelleher, 21 Texas Civ. App., 97.

It is contended on behalf of appellee that the uncontroverted testimony showed that the appliances referred to were in good repair at the time of the fire, and therefore it was not necessary to submit that issue to the jury. The evidence referred to was given by the defendant's employes, who were interested witnesses, and the plaintiff had the right to have the jury pass upon their credibility. (Gulf, C. & S. F. Ry. Co. v. Baugh, 43 S. W. Rep., 557; International & G. N. Ry. Co. v. Johnson, 23 Texas Civ. App., 192.)

All the other assignments of error have been considered and are overruled.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Applications for writ of error dismissed for want of jurisdiction.