ROMAN v. ST. LOUIS SOUTHWESTERN
RY. CO.

(Court of Civil Appeals of Texas. Dallas.
Nov. 1, 1913.)

1. RAILROADS (§ 485*)—FIRES—EMISSION OF
SPARKS—NEGLIGENCE—INSTRUCTIONS.
Where, in an action for the destruction of plaintiff's property by fire alleged to have been set out by one of defendant's engines, the evidence was circumstantial, and no one had seen fire emitted from the engine ignite the building containing the property, the court properly instructed that, for plaintiff to recover, he must show by a preponderance of the evidence that his property was burned by negligent emission of sparks from defendant's engine.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

2. RAILROADS (§ 482*)—FIRES—DESTRUCTION
OF PROPERTY — NEGLIGENT EMISSION OF
SPARKS.
While in an action against a railroad company for the burning of plaintiff's property by sparks from one of defendant's engines, the burden is on plaintiff to show that sparks were negligently emitted, and that they caused the burning of the property, such burden is sustained by proof that sparks escaped from defendant's engines and caused the property to burn.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1732, 1734–1736; Dec. Dig. § 482.*]

3. RAILROADS (§ 485*)—FIRES—DESTRUCTION
OF PROPERTY—INSTRUCTIONS—PRIMA FACIE
CASE.
In an action against a railroad company for destruction of plaintiff's property by fire, an instruction that proof that defendant's engine caused the fire by the emission of sparks constituted a prima facie case of negligence, and defendant would be liable unless such proof was rebutted and a showing made that the engine was properly equipped with approved spark arresters, etc., was proper.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

Appeal from District Court, Navario County; H. B. Daviss, Judge.

Action by A. F. Roman against the St. Louis Southwestern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Richard Mays, of Corsicana, for appellant. E. B. Perkins and Daniel Upthegrove, both of Dallas, and R. S. Neblett, of Corsicana, for appellee.

RAINEY, C. J. Appellant brought suit to recover of appellee the sum of $750 damages for the burning of certain personal property, caused by the emission of sparks and cinders from one of its engines. Appellee answered by general denial; that it had engines equipped with the most approved spark arresters, which were in good condition, that it had used ordinary care in inspection, and that the engines were properly operated, etc. The case was tried before a jury, which resulted in a verdict and judgment for appellee.

[1, 2] The court instructed the jury that in order for plaintiff to recover he must show by a preponderance of the evidence that his property was burned by negligent emission of sparks from appellee's engines. Appellant assigns said charge as error. We do not think this complaint is well founded. There was no one who saw sparks of fire emitted from appellee's engine ignite the building in which the property was situated and cause the loss complained of. The evidence on that point was circumstantial. The burden was on plaintiff to make out his case by showing that sparks negligently emitted from appellee's engines caused the property to burn. It is true that to show this it was only necessary to prove that sparks escaped from the engines of appellee and caused the property to burn. When plaintiff made this proof he would be entitled to recover, unless appellee rebutted it by showing that its engines were equipped with the most approved spark arresters, and that they were in good repair.

[3] The jury were told in the charge of the court that, if proved by plaintiff that appellee's engine had caused the fire by the emission of sparks, such proof constituted a prima facie case of negligence and appellee was liable, unless it was rebutted and appellee showed the engines were properly equipped as above stated, etc. The charge when considered as a whole we do not consider misleading or calculated to cause the jury not to consider the main issue, that of the cause of the fire. The jury evidently

considered the proof insufficient on plaintiff's part to show that appellee's engine caused the fire, or that the appellee had not used due care in equipping its engines.

There are various assignments in regard to other paragraphs of the court's charge, to the refusal of special charges, to the admission and rejection of testimony, etc. We have considered each and every assignment; and, while we do not consider the charge perfect or the rulings absolutely errorless, we think no reversible error is pointed out and the judgment is affirmed.

Affirmed.