TEXAS & N. O. R. CO. v. COOK. (No. 5373.)

(Court of Civil Appeals of Texas. Austin. May 6, 1914.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEALS TO COUNTY COURT—AMENDED PLEADINGS.

Where the amended account, filed in the county court on appeal from a justice's judgment, only amplified and enlarged the grounds of negligence originally alleged as a ground for recovery, and the county court determined that all the matters presented by the amended account had been orally pleaded in justice's court, refusal to strike out the amended account was proper.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

2. EVIDENCE (§ 481*)—NONEXPERT WITNESSES —STATEMENT OF FACTS.

A nonexpert may testify that the engines of a railroad company throw out more or less sparks.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2248–2254; Dec. Dig. § 481.*]

3. RAILROADS (§ 485*)—FIRES—LIABILITY.

Though a railroad company need only exercise ordinary care to equip its engines with suitable spark arresters, yet where, in an action for loss of property by fires set by sparks, there was no evidence by the company on that issue, it was not reversible error to charge that it was its duty to use suitable spark arresters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

4. RAILROADS (§ 480*) — FIRES — BURDEN OF PROOF.

Proof that sparks escaped from a railroad engine and destroyed property by fire, either directly or indirectly, established a prima facie case of actionable negligence of the railroad company, and to escape liability it must show that the engine was equipped with proper spark arresters, and that the same were in good repair, and that the company exercised reasonable care to keep the same in good repair.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716, 1733; Dec. Dig. § 480.*]

Appeal from Anderson County Court; E. V. Swift, Judge.

Action by J. M. Cook against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and P. W. Brown, of Palestine, for appellant. Miller & Miller, of Athens, for appellee.

RICE, J. This suit was brought in the justice's court by appellee against appellant, to recover the sum of $157 on account of the negligent burning of a house, containing 50 bushels of corn, belonging to him, situated near Frankston on the line of appellant's railway, which it was claimed was burned through the negligence of appellant. A trial resulted in a verdict and judgment in behalf of appellee. The case was appealed to the county court, and judgment again went in behalf of appellee for the sum of $182.50, from which this appeal is prosecuted.

[1] The first assignment of error complains of the action of the court in failing to strike out the amended account filed by appellee, the grounds of said motion being that said amended account set up a new cause of action, in that it contained other allegations of negligence than those set forth in the original account, and increased the amount sued for. Appellee, however, claimed that all of these matters had been orally pleaded in the justice's court, whereupon the court heard evidence as to what was in fact pleaded by him in the justice's court, after which he struck out several of the allegations contained in the amended account. Appellant claimed that it was surprised and not prepared to go to trial on said amended account, but made no motion to continue. In the first place, the amended account did not set up any new cause of action, but only amplified and enlarged the grounds of negligence originally alleged. Besides this, the court must have determined that all of these matters had been orally pleaded in the justice's court, for which reasons we overrule this and the following six assignments, complaining of the action of the court in this respect.

[2] Nor did the court err in permitting the witness Torrance to testify over appellant's objection that the spark arresters on appellant's engines running by Frankston in September, 1910, were in bad condition, and threw out sparks; the grounds of objection being that the witness was not an expert. This witness was not only shown to be an expert, but, in addition thereto, testified that the majority of the spark arresters on appellant's engines going by Frankston in September, 1910, were defective and threw out more or less sparks, which last fact it was competent to prove, even by a nonexpert witness. Hence we overrule the eighth assignment.

[3] While it is true that railway companies are only required to exercise ordinary care to equip their engines with suitable spark arresters, still, where there is no evidence offered by the company on this issue, it is not reversible error to charge that it was its duty to use suitable arresters thereon. Therefore we overrule the ninth and tenth assignments complaining of the charge in this respect

[4] By its eleventh assignment appellant urges that the court erred in the following paragraph of its charge:

"Now, if you believe from a preponderance of the evidence that at the time alleged sparks and fire did escape from one of defendant's locomotives and burned said house and corn, either directly setting fire to said house and corn, or by being communicated by combustible material on the track of defendant, then you are instructed that such facts constitute a prima facie case of negligence on the part of the defendant company; it then devolves upon the defendant to overcome said prima facie case of negligence by proof that defendant's said locomotive which set out the fire, if it did, was equipped with

proper spark arresters, and that the same were in good repair and working order, and that the defendant had exercised reasonable care to keep same in good repair."

A similar charge to this was given by the trial court in the case of Railway Co. v. Horne, 69 Tex. 643, 9 S. W. 440, and Mr. Chief Justice Willie in discussing same says:

"There was no error in the charge complained of. It is in accordance with the decisions of this court. * * * We are aware that numerous authorities can be found in which it is made the duty of the party complaining of injuries done to his property by reason of fire kindled from such sparks to show negligence on the part of the company, but we think that those decisions which throw the burden upon the company of showing that the sparks did not escape because of any negligence on its part are best supported by reason. They place the burden of proof upon the party having the means of producing the necessary evidence upon the subject. The employés know the condition of the engine and of the appliances used to prevent the escape of fire, and they should be informed as to whether these were sufficient for that purpose. The injured party would not, as a general thing, be possessed of any such information, and he could not ordinarily obtain it. To require him to make the proof would, in most instances, be a denial of justice, and would allow the party doing the wrong to escape by concealing the facts which brought it about. Hence our courts have adopted the salutory rule of presuming the existence of negligence against the party who has the means of disproving it, and fails to make use of them (Ryan v. Ry. Co., 65 Tex. 20 [57 Am. Rep. 589]), and have followed that line of decisions which cast the burden of proof in such cases upon the company; and, as we believe our former decisions upon the subject are founded upon good reason, we are not inclined to change the rule assumed by them"—citing cases.

See, also, Roman v. St. L. S. W. Ry. Co., 160 S. W. 431.

See, also, Gulf, Colorado & Santa Fé Ry. Co. v. Johnson, 92 Tex. 591, 50 S. W. 563, where a similar charge to the one under consideration was approved by Chief Justice Brown, who said, among other things that:

"It is well settled in this state that in cases of this character, proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad locomotive while it was being operated upon the road constitutes a prima facie case, and, if not rebutted, entitles the plaintiff to recover. * * * The charge * * * did not shift the burden of proof from the plaintiff to the defendant, as is claimed, but, as in every other case where a prima facie right is established, it called upon the defendant to meet the case made in order to defeat the plaintiff's right of recovery. As a general rule of practice, it is not permissible for the court to instruct the jury that the proof of certain facts will establish the fact of negligence upon which the action may be maintained, but in this class of actions a different rule has been established by the decisions of the Supreme Court of this state, and the charge before copied is not subject to the objection that it is upon the weight of the evidence"—citing cases.

But Chief Justice Willie remarked in the case first quoted from:

"Even had the charge been erroneous in this respect, it did no harm, for the prima facie case of negligence made out by the plaintiff was not rebutted by the defendant with a particle of evidence of any character whatever."

In the present case, we think the evidence justified the jury in finding that the fire originated from sparks escaping from appellant's passing engine, setting fire to a stump on the right of way, which was subsequently communicated to the house in question. Appellant offered no evidence whatever going to show that its engines were properly equipped with spark arresters, so that the charge could not, under the circumstances, have been improper, even if the law was as appellant contends, which is not the case. Hence this assignment is overruled.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.