MISSOURI, K. & T. RY. CO. OF TEXAS v. LANGFORD. (No. 1285.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1918. On Motion for Rehearing, March 13, 1918.)

1. RAILROADS ⚍396(1) — INJURIES TO PERSONS—HOT CINDERS—BURDEN OF PROOF.
   One into whose eye a hot cinder is thrown by an engine 174 feet distant has the burden of proving negligence.

On Motion for Rehearing.

2. APPEAL AND ERROR ⚍1177(2)—REMANDING CAUSE—NECESSITY.
   Where a case has been tried on an improper theory, the cause must be remanded, where it appears that under a proper view of the case,

the appellee might make out a case, although, as tried, he did not.

Appeal from District Court, Hunt County; J. A. Ward, Judge.

Action by Robert Langford, by next friend, W. A. Langford, against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dinsmore, McMahan & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for appellant. Evans & Shields, of Greenville, for appellee.

BOYCE, J. The appellee, Robert Langford, recovered damages in the court below against appellant railway company, on account of injury to his eye, caused by a cinder alleged to have been thrown out by one of appellant's engines, and negligence charged against the railway company being in its alleged failure: First, to equip its said engine with the proper spark arresting devices; second, to properly inspect the same and keep such devices in good order; third, to properly operate its said engine.

The evidence is sufficient to show that, while appellee was standing some 174 feet from the railway track and about 128 yards from appellant's engine, from the direction of which a strong wind was blowing toward him, looking at said engine as it started to move the train after it stopped at the station of Celeste, a shower of cinders from said engine fell around him, and one or more hot cinders got in one of his eyes, from which he suffered pain for some time thereafter. The railway company offered evidence to show that its engine was properly equipped with proper spark arresters; that these were in good repair, and that the engine was properly handled at the time. There is some testimony tending to show that, if the engine was properly equipped and properly handled, it should not throw cinders of the size, such as some of the witnesses described as falling around plaintiff at the time, the distance from the engine to where plaintiff was standing at such time.

Complaint is made of a part of the charge of the court, which is as follows:

"If you believe from a preponderance of the evidence in this case that on the 15th day of July, 1915, sparks and cinders escaped from one of defendant's locomotives at Celeste, Tex., and that a hot cinder from the said locomotive struck the plaintiff in the eye and injured him in any of the ways alleged in his petition, then you will find for the plaintiff and assess his damages under the instruction hereinafter given you, unless you further find from the evidence for the defendant under the next paragraph hereof."

This paragraph of the charge was followed by the following instruction:

"If you fail to find from the evidence that a spark escaped from defendant's engine and struck plaintiff in the eye, you will find for the defendant."

"If you believe from the evidence in this case that the defendant used ordinary care to equip its said locomotive with the best and most approved spark arrester then in general use among competent railroad operators for the prevention of the escape of sparks and fire therefrom; and if you further believe the defendant used ordinary care to keep said spark arresters in good order and condition; and if you further believe from the evidence that the said locomotive was being skillfully operated by a competent and skillful engineer, and with ordinary care—then you will find for the defendant."

[1] The effect of this charge was to make the railway company liable for the injury resulting from a cinder emitted from its engine without a finding of negligence, and the liability thus imposed could be escaped only by an affirmative showing on the part of the railway company and finding by the jury that the railway company had exercised ordinary care in respect to providing and keeping in repair its spark-arresting devices and in the management of the engine at the time. We think the charge was erroneous. In the case of fires resulting from sparks escaping from railway engines, it is the established rule in this state that the court may inform the jury that the fact of the setting of the fire is sufficient to establish a prima facie case which may be rebutted on the part of the railway company by showing that it had exercised ordinary care to select and equip its engine with the most approved spark arresters, etc. It was held, however, by the Supreme Court, in the case of St. Louis Southwestern Railway Co. v. Parks, 97 Tex. 131, 76 S. W. 740, that this rule was an exception, and would not be extended to cases of this character, and that in these cases the burden of proof on the issue of negligence remained on the plaintiff throughout the trial. This case was followed in the case of M., K. & T. Ry. Co. v. Mitchell, 34 Tex. Civ. App. 394, 79 S. W. 94. The rule established in the fire cases was followed in Railway Co. v. O'Kelleher, 21 Tex. Civ. App. 96, 51 S. W. 54, and Texas Midland Ry. Co. v. Jumper, 24 Tex. Civ. App. 671, 60 S. W. 797. These cases were decided before the decision in the Parks Case, and the Supreme Court in said case expressly states that it did not approve the charge in the O'Kelleher Case.

If it is true, as the undisputed evidence seems to show, that no spark arrester that will permit a reasonable use of a locomotive will prevent the emission of cinders of the small size shown to have entered appellant's eye, then before plaintiff should be permitted to recover it ought to reasonably appear from the evidence that by reason of some negligence of the defendant in the construction, repair, or operation of its engine, plaintiff sustained any injury that would not have resulted from the proper operation of a locomotive properly equipped. Cantelou v. Trinity & B. V. Ry. Co., 101 S. W. 1019, and authorities. In view of another trial we will not discuss the testimony on this subject in detail to determine whether it was sufficient to warrant the submission of the case to the jury.

Reversed and remanded.

HUFF, C. J., not sitting, being absent in Austin with committee of judges passing on applications for writs of error.

On Motion for Rehearing.

BOYCE, J. [2] Our reason for not discussing the evidence in detail in this case was that, since the case was tried on an erroneous theory as to the prima facie effect of the mere showing of the injury from a cinder from appellant's engine, we would not feel authorized in reversing and rendering the case, unless it should reasonably appear that under a proper view of the law the plaintiff could not establish any liability. The evidence does tend to show either that the engine was not properly equipped or was improperly handled, and while it does also show that no degree of care in either respect might prevent entirely the escape of cinders of the size that entered plaintiff's eye, the evidence suggests that such facts might have an effect on the quantity of such cinders that might escape, or the distance to which they might be thrown, thus increasing the danger to one in plaintiff's position with reference to the engine. Such evidence might be sufficient to warrant a finding that, but for the negligence, the injury would not have resulted.

Both appellant's and appellee's motions for rehearing are overruled.

HUFF, C. J., not sitting.