EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. WILLS.et al.
(No. 5948.)

(Court of Civil Appeals of Texas. Austin. June 12, 1918.)

1. LIMITATION OF ACTIONS ⊂⊃127(8)—AMENDMENT AS NEW CAUSE OF ACTION — CONVERSION AND NEGLIGENCE.

In suit for conversion based on contract to store and return cotton on demand, and refusal on ground cotton had been destroyed by fire, amendment alleging loss occurred through defendant's negligence, filed more than two years after accrual of cause of action, did not state new cause of action, barred by statute of limitations.

2. WAREHOUSEMEN ⊂⊃10 — CONSTRUCTION OF CONTRACT AGAINST DRAWER.

A contract covering the storage of cotton, presumably written by the warehouse company, must be construed most strongly against it.

3. WAREHOUSEMEN ⊂⊃24(7)—STORAGE OF COTTON—LIMITING LIABILITY—NEGLIGENCE.

Contract of warehouse company, covering storage of cotton, and stipulating that company would not be responsible for loss by fire or otherwise, not stipulating against responsibility for loss through fire caused by its own negligence, did not exempt company from liability for loss by fire so caused.

4. WAREHOUSEMEN ⊂⊃34(9) — NEGLIGENCE — QUESTION OF FACT.

In action against warehousing company for destruction of cotton by fire, whether company was negligent *held* a jury question.

5. WAREHOUSEMEN ⊂⊃24(1)—STORAGE OF COTTON—"BAILEE FOR HIRE."

A cotton compress and warehouse company, which charged for compressing cotton, and stored it as a mere incident to the compression, was a "bailee for hire" of the cotton while in storage, and responsible for failure to exercise ordinary care.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Bailee for Hire.]

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by W. F. Wills and another against the Exporters' & Traders' Compress & Warehouse Company. From judgment for plaintiffs, defendant appeals. Affirmed.

J. D. Williamson, of Waco, for appellant. Williams & Williams, of Waco, for appellees.

RICE, J. As shown from appellant's brief, this suit was brought on December 22, 1914, by appellee and his mother, Mrs. Burwell, against appellant, to recover the sum of $865.48, with interest, alleging that in October, 1913, appellees were the owners of 11 bales of cotton, weighing 6,182 pounds, which

they shipped to appellant in the name of W. F. Wills, for the purpose of having the same stored in its warehouse at Waco, for protection and safe-keeping; that said cotton was duly received and stored by appellant; that thereafter appellees demanded said cotton, and appellant refused to deliver same, or any part thereof, to appellees, but converted the same to its own use and benefit, thereby depriving the owners of the value thereof, which was alleged to be 14 cents per pound, and became liable to appellees therefor. Appellant, answering, denied that it converted the cotton, but alleged that on December 3, 1913, an unprecedented flood occurred in the Brazos river, which overflowed its warehouse and plant, causing said cotton to become wet, whereby it became necessary for it, after the water subsided, to remove said cotton to its press platforms for the purpose of drying same, opening the bales at both ends, and while in this condition the cotton was, without any negligence on its part, destroyed by fire; second, that it was only a gratuitous bailee of said cotton, and required to exercise only slight care in its preservation and keeping, and liable only for gross neglect; third, that by its contract with appellees it relieved itself of liability of any loss thereof, by reason of fire. There was a jury trial on special issues, resulting in verdict and judgment for appellees, from which this appeal is prosecuted.

[1] During the progress of the litigation, and more than two years after the accrual of the cause of action, appellees filed an amended pleading, alleging that the loss of the cotton occurred by reason of the negligence of appellant, setting out in detail said acts of negligence, to which appellant addressed a special exception to the effect that this amended pleading set up a new cause of action, and it appeared therefrom that the same was barred by the statute of two years' limitation. This exception was overruled, and constitutes the basis for the first and third assignments of error. Urging by its proposition thereunder that where an action is originally brought for a conversion, if an amended or supplemental petition be subsequently filed more than two years after the cause of action set forth in the original suit accrues, alleging a cause of action for negligence, such cause of action is a new cause of action, and the statutes of limitation apply thereto. Appellees, on the contrary, assert that their amended pleading does not set up a new cause of action. We think appellant is mistaken with reference to its contention. In Massey v. Blake, 3 Tex. Civ. App. 57, 21 S. W. 782, it is said by Mr. Chief Justice Fisher that:

"In this state we look to substance of the issue and the facts as pleaded, and not to the form of the action, in ascertaining the nature of the plaintiff's demand, and the relief that should be extended. The liability of the appellee for

the payment of the note was the nature of the appellant's demand in both the original and amended petitions. The note was the subject-matter of the suit, and to enforce its payment this suit was instituted. The effect of the amended petition was to state that the appellee was liable upon the note, but his liability resulted from a state of facts different from that stated in the original petition. The extent of his liability as presented in both petitions is the same."

The cause of action in this case was based on a contract to store and return the cotton on demand; a refusal to do this, therefore, on the ground of conversion or negligence, constitutes such a breach thereof as, in either event, would cast liability upon appellant therefor. This being true, the cause of action asserted in the amended pleading is a mere enlargement or amplification of that relied upon in the original petition, which is permissible, for which reason, we hold that the court did not err in overruling exceptions thereto.

[2, 3] By its fourth assignment appellant insisted that the court erred in refusing to give a peremptory instruction in its behalf: First, because defendant, by contract pleaded and proven, was released from responsibility for loss or damage by fire; second, that there was no evidence of negligence on the part of defendant in handling such cotton. Upon receipt of the cotton the compress company issued the following receipt, which it mailed to appellees:

"Original. No. 177. Exporters' & Traders' Compress & Warehouse Co., Waco, Texas. Issued at Waco, Texas. Date, Oct. 9, 1913. Received for account of W. F. Wills for compression, eleven (11) bales of cotton, marked and numbered as below, from Bruceville. This receipt is not transferable, and must be returned, properly signed, for the delivery of this cotton, which is received, subject to owner's risk, and this company will not be responsible for loss or damage by fire or otherwise. Charges, if any, follow the cotton. This receipt is void unless the number of bales written hereon corresponds with the total indicated by the highest figures in the marginal column and is countersigned by superintendent. Number bales, 11. Marks, W W. Remarks, Recd. 9—20—13. Exporters' & Traders' Compress & Warehouse Co., by J. T. West, Supt."

If the expression in this receipt, that the "company will not be responsible for loss or damage by fire or otherwise," is sufficient to relieve it from liability, then appellant's contention is correct. It will be noted, however, that appellant does not attempt to exempt itself from fire occasioned by its own negligence. Presumably it wrote the contract, which must be construed most strongly against itself. Substantially the same clause as in this contract has been considered in Gulf Compress Co. v. Harrington, 90 Ark. 256, 119 S. W. 249, 23 L. R. A. (N. S.) 1205, where it was held that a similar provision did not exempt the compress company from liability for loss by fire resulting from the warehouseman's negligence.

The trend of modern decisions is against the view contended for by appellant. In view of the fact that appellant failed in its receipt to exempt itself from liability by negligence, since the jury has found that it was guilty of negligence with reference to the destruction of the cotton, we must overrule this assignment. See, also, in this connection, the following other authorities: V. S. Civil Statutes, arts. 7824–7827; Pacific Exp. Co. v. Hertzberg, 17 Tex. Civ. App. 100, 42 S. W. 795; I. & G. N. Ry. Co. v. Parish, 18 Tex. Civ. App. 130, 43 S. W. 1066.

[4] It is urged in the second proposition above that the evidence fails to show negligence on the part of appellant in handling the cotton. This was a question of fact for the determination of the jury, who resolved the same against appellant. We have reviewed the evidence, and regard it amply sufficient to sustain their finding in this respect, for which reason this contention is overruled.

[5] Again, it is urged that appellant was but a gratuitous bailee, and, the evidence failing to show gross neglect, cannot be held for liability under the contract. In regard to this contention it appears that appellant was a public warehouse and compress company, and held itself out as such. Appellee, W. F. Wills, had shipped other cotton to it, and knew that it was a warehouse and compress company, engaged in the business of storing and compressing cotton, and charged therefor, and stated that he expected to pay for the storage. The evidence likewise shows that the ordinary charge for compressing cotton was 10 cents per 100 pounds, and the receipt recites that the charges, if any, follow the cotton. If appellant intended to receive remuneration for the compression of the cotton, it is immaterial whether he made any charge for storage or not, if it was benefited by the transaction, as the storage of the cotton was a mere incident to the compression; therefore it must be held to be a bailee for hire, and responsible for failing to exercise ordinary care. Union Compress Co. v. Nunnally, 67 Ark. 284, 54 S. W. 872; Loeb Compress Co. v. Bromberg & Co., 140 S. W. 475. For which reason we overrule this contention.

The remaining assignments all have had due consideration, and are regarded without merit, and are overruled. No reversible error being pointed out, judgment of the court is in all respects affirmed.

Affirmed.