## EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. SCHULZE.

### (No. 6560.)

(Court of Civil Appeals of Texas. Austin. March 14, 1923. On Motion for Rehearing, June 13, 1923.)

**Warehousemen ⊜⟳34(5)—Warehouseman sued for loss by fire must show care notwithstanding receipts excepting it from liability.**

A contract relieving one from liability for his own negligence being contrary to public policy, the burden is on a warehouse company, sued for the value of cotton destroyed by fire while in its possession, to show that the fire was not caused by its negligence and that it was not protected by insurance, notwithstanding receipts excepting it from liability unless insured.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Gus Schulze against the Exporters' & Traders' Compress & Warehouse Company. Judgment for plaintiff, and defendant appeals. Affirmed. •

Spivey, Bartlett & Carter, of Marlin, and Sleeper, Boynton & Kendall, of Waco, for appellant.

Sam R. Scott, of Waco, and Frank Oltorf, of Marlin, for appellee.

KEY, C. J. Gus Schulze brought this suit against the Exporters' & Traders' Compress & Warehouse Company, and recovered a judgment for $1,773.72 and interest, the value of certain cotton alleged by the plaintiff to have been converted by the defendant.

Appellant's brief contains numerous propositions relied on for reversal, many of which relate to the question hereafter dealt with in this opinion; the first being that in a suit to recover damages from a warehouseman for property destroyed by fire while in his possession, the plaintiff must both allege and prove negligence of the warehouseman. Counsel for appellee presents in his brief the following counter proposition:

"Where the facts show the total default in delivery of the goods (held in storage), or the failure to account for their nondelivery, the prima facie case of liability is made out, and the burden of proof is then shifted to the defendant to rebut this prima facie case by evidence that the loss did not happen in consequence of his negligence."

As presented by his petition, the plaintiff's case in the court below was in substance that the defendant had received the cotton in question for storage; had agreed to deliver the same to the plaintiff or pay him the cash market value therefor; and that defendant had done neither. It is contended, on his behalf, that proof of the facts so alleged es-

---

tablished a prima facie case in his favor, and cast the burden upon the defendant to allege and prove that notwithstanding the fact that plaintiff had made out a prima facie case, for reasons alleged in the defendant's answer, he was not entitled to recover.

The uncontroverted evidence shows that appellant owned a compress plant at Marlin, Tex., on and prior to October, 1919, and received cotton for storage and issued receipts therefor. Appellee, at various times prior to the 18th of November, 1920, delivered various bales of cotton to appellant, aggregating 19 bales, and for each of 15 bales received receipts reading as follows:

"No. ———. Exporters' & Traders' Compress & Warehouse Co. (Not a Public Warehouse.) Marlin, Texas, ———, 192—. Received of Gus Schulze one bale of cotton for account of ——— for storage and compression, and hereby bind ourselves to redeliver it to the legal holder of this receipt or pay the cash market value thereof. No debt, demand or set-off will be claimed against it except such as may be due by the holder at the time of presentation, acts of Providence, fire and damage excepted (unless insured against fire by us.) This receipt shall be negotiable and transferable by endorsement. Marks, ———. Weight, ———. Bale No. ———. Condition, ———. Exporters' & Traders' Compress & Warehouse Co."

And for the other four bales appellee received from appellant receipts in the following form:

"Marlin, Texas, ———, 19—. Exporters' & Traders' Compress & Warehouse Co. (Not a Public Warehouse—Not a Public Weigher.) Received of Gus Schulze one bale of cotton described as shown on margin for account of ———: for storage and compression. This company binds itself to redeliver said cotton to legal holder hereof or to pay market value thereof based upon weight of this company as shown on margin, loss by act of Providence or fire damage excepted (unless insured by this company), and subject to compress and storage charges thereon. This company is not a public weigher or warehouse, and the weight made by it is to limit its liability as holder of cotton for compression, and this receipt is not issued for the purpose of establishing an accurrate weight upon which the purchase or sale of this bale of cotton is to be based, and any other weight shown on the margin shall not bind this company. No. ———. Mark, ———. Public Weigher's weight, ———. This company's weight, ———. Gin No. ———. Condition, ———. Exporters' & Traders' Compress & Warehouse Company."

The plaintiff did not charge in his petition that the fire was caused by any act of negligence or failure to use ordinary care by the defendant; and while the defendant pleaded that the cotton was destroyed by fire, it did not allege that it exercised due care to prevent the same. The case was submitted to a jury upon special issues, and the jury found that the defendant did not exercise ordinary care to provide and maintain protection against fire, and that the failure to do so was the proximate cause of the destruction of the plaintiff's cotton.

It is sometimes a nice question to determine upon which party the burden of proof rests, but we have reached the conclusion that the contention of appellee's counsel is correct. Under the law, appellant could not contract so as to relieve itself from injury caused by fire, if it failed to exercise reasonable care to prevent the same. In other words, it is contrary to public policy to permit one to make a contract which will relieve him from liability for his own negligence. This being the case, we think the burden of proof rested upon the defendant to show that the fire was not caused by its negligence, and that it was not protected by insurance upon the plaintiff's cotton. Tex. & P. Ry. v. 1 Morse, White & W. Civ. Cas. Ct. App. § 414; Tex. Elevator & Compress Co. v. Mitchell, 78 Tex. 64, 14 S. W. 275; Jackson v. Greenville Compress Co. (Tex. Civ. App.) 202 S. W. 324; Exporters' & Traders' Compress Co. v. Wills (Tex. Civ. App.) 204 S. W. 1056; Sherman Ice Co. v. Klein (Tex. Civ. App.) 195 S. W. 918; R. S. (Vernon's Sayles') art. 7824.

We are of the opinion that this case falls within that class of cases like suits against railroads for damages caused by sparks of fire escaping from an engine, in which it is held that on account of the difficulty, if not impossibility, of the plaintiff having any knowledge as to whether the defendant has exercised due care, and therefore is not guilty of negligence, the burden of proof rests upon the defendant.

This disposes of the main question involved in the appeal, and without discussing the others they are all decided against appellant.

No error has been shown, and the judgment is affirmed.

### On Motion for Rehearing.

In overruling the motion for rehearing, in this case, we concede that some, if not all, of the authorities cited in our former opinion do not go to the full extent of supporting our ruling upon the burden of proof. We also concede, as pointed out in the motion for rehearing, that our decision upon that subject is in conflict with decisions rendered by some other Courts of Civil Appeals and with the Court of Criminal Appeals, when it had jurisdiction of certain civil cases.

In Ry. v. Horne, 69 Tex. 643, 9 S. W. 440, our Supreme Court, speaking through that able jurist, Chief Justice Willie, used this language:

"There is a conflict in the decisions of England and America as to whether the escape of sparks from a passing engine is prima facie

evidence of negligence on the part of the company running the engine. We are aware that numerous authorities can be found in which it is made the duty of the party complaining of injuries done to his property by reason of fire kindled from such sparks to show negligence on the part of the company, but we think that those decisions which throw the burden upon the company of showing that the sparks did not escape because of any negligence on its part are best supported by reason. They place the burden of proof upon the party having the means of producing the necessary evidence upon the subject. The employees know the condition of the engine and of the appliances used to prevent the escape of fire, and they should be informed as to whether these were sufficient for that purpose. The injured party would not, as a general thing, be possessed of any such information, and he could not ordinarily obtain it. To require him to make the proof would, in most instances, be a denial of justice, and would allow the party doing the wrong to escape by concealing the facts which brought it about. Hence our courts have adopted the salutary rule of presuming the existence of negligence against the party who has the means of disproving it and fails to make use of them (Ryan v. Ry. Company, 65 Texas, 20), and have followed that line of decisions, which casts the burden of proof in such cases upon the company, and as we believe our former decisions upon the subject are founded upon good reason we are not inclined to change the rule assumed by them."

It seems to us that all the reasons which induced the Supreme Court to establish and adhere to the ruling it made upon the burden of proof in the Horne Case and in similar cases should apply to and control this case. To rule otherwise would be a practical denial of justice to the plaintiff; and therefore we think the salutary rule of presuming the existence of negligence against the party who has the means of disproving it and fails to make use of them should be applied in this case.

It may be contended that the Horne Case and other grass-burning cases are not analogous to the case at bar involving the liability of a defendant holding property under a contract of bailment. The case of Wardlaw, Walker & Burnsides v. Railroad Co., 11 Rich. Law (S. C.) 337, involved the liability of a bailee; and it having been shown that the loss or injury was caused by fire, it was contended by the railroad company that the plaintiff could not recover unless he produced testimony affirmatively showing that the fire was the result of the defendant's negligence; and the court, in overruling that contention, said:

"In this case the goods were lost, and defendant having shown the loss to have been occasioned by fire, insists that this fact was sufficient to discharge from liability, unless plaintiff should show by direct proof that the fire was the result of negligence. On the contrary, the presiding judge in his instructions said: 'It was right to require the company to show how the fire occurred; in the absence of such proof it might be that the jury would think them liable.' The question of negligence was of course submitted to the jury, the facts were before them, the circumstances were peculiar, the suggestion was appropriate, and the presumption was fair and legitimate. That was a liberal concession to the defendant, which held that the custody as carrier had ceased by turning off the cotton from the car to the platform, and that the skids in the yard of the company alongside the track as a place of deposit, entitled to the character and analogies of a warehouse. * * *

"The omission to prove, what a party should at all times be prepared to establish, may well raise a presumption often against him.

"The place where this loss occurred was in the yard of the company, and surrounded by their employés, who were at all times under their control and within their knowledge. Such witnesses would generally be unknown to the owners or consignees, and but little disposed to implicate themselves in a charge of negligence. In reference to such an inquiry as the one on foot in this case, ordinarily proof by one of the parties, would be easy and proper, by the other impracticable and uncertain. Hence the rules to be found in our books under such circumstances. In this state the rule on the subject of limiting the liability of a carrier has been relaxed though the onus still rests to bring himself within the exceptions and to discharge himself of negligence. Swindler v. Hillard & Brooks, 2 Rich. 303, 45 Am. Dec. 732; Singleton v. Hilliard & Brooks, 1 Strob. 214. So too in case of loss by the killing of cattle, a prima facie case is made by the killing, which devolves on the company the onus of explanation or excuse.

"The standard of diligence in such a case as this would imply the presence of employés acting as watchmen or otherwise, who should be able to speak, and silence of defendant became an element in the inquiry."

With due respect to the courts which have held otherwise, we still believe that our decision on the burden of proof in this case is correct; and therefore the motion for rehearing is overruled.

Overruled.