### No. 2165.

**THE GULF, COLORADO AND SANTA FE RAILWAY COMPANY**
*v.* JAMES BENSON.

1. NEGLIGENCE—ONUS PROBANDI.—When property situate contiguous to the right of way of a railroad company is burned by sparks emited from the company's locomotive engine passing over the road, which ignite the dry grass on the right of way, and injury results therefrom, in a suit for damages brought by the injured party, the burden of proof is on the railway company to show that there was no negligence.

2. SAME.—This rule as to the burden of proof is satisfied when the railway company shows that it was using, when the fire occurred, on the engine the best mechanical appliances to secure safety from fire, that they were in good repair and operated in a proper manner by a skillful engineer.

3. SAME.—No matter how much care is observed in the construction and operation of a locomotive on a railway track, it is always a question of fact for a jury to determine, as to whether the failure of the railway company to permit inflammable material to accumulate on its right of way was negligence, if it was ignited by sparks from the locomotive and so destroyed adjacent property.

APPEAL from Bosque. Tried below before the Hon. J. M. Hall.

The opinion states the case.

*William McKnight*, for appellant, cited International and

Great Northern Railway Company v. Timmermann, 61 Texas, 660, and authorities there cited; Philadelphia and Reading Railroad Company v. Scholz, and the note thereto and authorities there cited, 2 American and English Railway Cases, 271; Atchison, Topeka and Santa Fe Railway Company v. Riggs, 15 American and English Railway Cases, 531; also note in 13 American and English Railway Cases, 487, reviewing all authorities on the subject.

No brief on file for appellee.

COLLARD, JUDGE. This suit was brought by the appellee against the appellant in a justice's court of Bosque county for sixty-nine dollars and ninety cents damages.

Plaintiff claimed that defendant negligently permitted gras and combustible material to accumulate on its right of way, which was ignited by sparks from its engine, and so burning his pasture grass and some posts. The justice of the peace rendered judgment for plaintiff, and the case was appealed to the district court (the county court having no civil jurisdiction), where it was tried by the judge, who rendered judgment for the plaintiff for sixty-nine dollars and ninety cents and interest, from which this appeal is taken.

The judge filed his conclusions in the case, stating that the pasture was burned by sparks from defendant's engine, and that the fire originated by reason of the negligence of defendant in permitting combustible material to remain on the right of way.

The appellant complains of the conclusions and the judgment because: First, the evidence does not show that defendant had any right of way; and second, the evidence did not show, that defendant negligently permitted grass or other combustible material to accumulate on its right of way.

The only evidence we find in the record relating to the subject of these assignments of error, is that of the plaintiff. He says: The fire caught very near the cross ties on the road within a few feet of the road bed; it set the grass on fire near the cross ties; it caught fire between the cross ties on the road and the telegraph poles. I do not know how far from the road bed the defendant's right of way extends. The fire caught ten or fifteen feet from the cross ties. It was agreed by the parties that plaintiff's witnesses would prove that the fire caught from

sparks emitted from the smoke stack of a locomotive drawing
defendant's passenger train on the eighteenth day of August,
1884, which set fire to and burned plaintiff's grass and fence
posts, and that the same locomotive in the same way set fire to
Rutherford's pasture near that of plaintiff on the same evening,
and that plaintiff's damage would be greater than the amount
claimed. It was also agreed that defendant's witnesses would
testify that said engine was at that time provided with the best
spark arrester yet known or discovered; that no spark arrester
has yet been invented that will entirely arrest all sparks; but
that the sparks escaping from the arrester on this particular
locomotive were necessarily very minute and that the smoke
stack and arrester were daily inspected by competent mechan-
ics and found to be in good condition and repair. These facts
were not controverted, nor were the facts proved by plaintiff
that the fire in question was caused by the emission of sparks
from the same locomotive. Also that the engineer on this
engine was thoroughly competent.

When plaintiff established the fact by uncontradicted evi-
dence that the fire was so caused, and that he was thereby
injured, our Supreme Court have decided that in such case the
onus is upon defendant to show by affirmative proof that there
was no negligence on its part in causing the fire; in other
words, that a presumption would arise in the absence of evi-
dence to the contrary that there was negligence on the part of
the company. (International & Great Northern Railway Com-
v. Timmerman, 61 Texas, 663.) This doctrine is fully supported
by the cases cited in 2 Wood's Railway Law, 1347, note 3. The
evidence to defeat such prima facie case of negligence being
peculiarly within the knowledge of defendant, the burden is
upon it to produce it. (Same authorities.)

Our Supreme Court having approved the doctrine laid down
in the decisions of other States referred to in the note cited
above, upon sound principle, we do not deem it necessary to
enter into an elaborate discussion of the reasons of the law.
This demand of the law as to burden of proof is, however, sat-
isfied when the company shows by undisputed evidence that it
was using at the time and upon the very engine in question, the
best and most approved mechanical appliances known and in
use to prevent the escape of fire from its engine and sparks
from the smoke stack, and that the same were in good repair

and condition, and were operated by a skillful engineer in a careful manner.

If then the plaintiff can recover after such proof it must be upon the ground that the defendant was negligent in other respects, as that notwithstanding the approved fire arrester it was guilty of negligence in permitting the accumulation of combustible matter on its road or right of way as under the circumcumstances was dangerous, and would amount to negligence in the opinion of an unprejudiced jury, such as a man of ordinary prudence would not have committed in the management of his own affairs. While a railway company may absolve itself from liability on account of the presumed negligence arising from the mere fact that the fire caught from sparks emitted from its engine, by showing its engine and spark arrester were the best in use; still, if the fire caught on its own right of way in dry grass which it allowed to accumulate, it would be a question of fact for the jury to determine whether the failure to remove the inflammable matter was negligence. Such negligence might increase the danger to adjacent property even though the best machinery was adopted. (Kellogg v. Chicago & N. W. Ry., 26 Wis., 228, 229.)

The law will not imply negligence from this fact. The question should be left to the jury. (Kesee v. Chicago & N. W. Ry., 30 Iowa, 80, et seq; B. M. R. R. v. Westover, 4 Neb., 274.)

In this case the court below found that the company was negligent in permitting combustible matter to accumulate on its right of way. The fire caught near the track—about fifteen feet from it, in the grass and was communicated to plaintiff's pasture and destroyed it. It was clear that the fire caught on defendant's right of way. While the conclusion of the court below may not have been the same we would have arrived at from the evidence as disclosed in the record, there was evidence to sustain it, and we are unwilling to disturb his conclusion, it having been repeatedly decided that the Supreme Court will not interfere to grant a new trial when there was evidence to sustain a verdict unless there was manifest prejudice on the part of the jury. We are of opinion the judgment ought to be affirmed.

*Affirmed.*

**Opinion adopted October 28, 1887.**