## PAYNE, Agent, v. SHIRLEY. (No. 9994.)

(Court of Civil Appeals of Texas. Fort Worth. June 10, 1922.)

**1. Railroads ⬅480(2)—Proof of injury by fire from locomotive establishes prima facie case.**

Proof of injury by fire escaping from a locomotive establishes a prima facie case of negligence, entitling plaintiff to recover unless rebutted, and the court may so instruct.

**2. Trial ⬅260(3)—Failure to instruct that burden of proof was on plaintiff to show that defendant's negligence was proximate cause of damage held not reversible error, in view of instructions given.**

In an action for the burning of grass by fire from a locomotive engine, where the court instructed the jury to find for defendant if the engine was equipped with approved spark arresters and they were in good condition, and its employees used ordinary care, unless grass and weeds were negligently permitted to remain on defendant's right of way and such negligence was the proximate cause of the fire, failure to charge that the burden of proof was on plaintiff throughout, not only to show negligence but that such negligence was the proximate cause of the fire and consequent damage, was not reversible error, though such instruction would have been proper.

**3. Railroads ⬅454(2)—Ordinary care required in equipping engines with spark arresters.**

A charge, imposing on a railroad company the absolute duty of equipping its engines with the most approved spark arresters in use and keeping them in good condition is erroneous, the law only requiring ordinary care to provide such equipment and keep it in good condition.

**4. Appeal and error ⬅1068(4)—Judgment reversed, and cause remanded for erroneous instruction, though evidence is sufficient to sustain larger verdict for appellee.**

For error in giving an instruction imposing on a railroad the absolute duty of equipping its

engines with the most approved spark arresters in use and keeping them in good condition, a judgment against it will be reversed, and the cause remanded, though the evidence is sufficient to sustain a much larger verdict for plaintiff.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by J. C. Shirley against J. B. Payne, Agent of the President. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, of Houston, and McMurray & Gettys, of Decatur, for appellant.

Estes, Payne, Morris & Pressly, of Fort Worth, for appellee.

BUCK, J. This is a grass-burning case. Upon a trial before a jury a verdict was returned, awarding plaintiff damages as follows: $13 for posts and work; $13 for 26 acres pasture grass; $26 for 26 acres for pasture turf; $98 for 70 acres meadow grass; $140 for 70 acres meadow turf—a total of $290. From a judgment for this amount defendant has appealed.

The first assignment is directed to the first paragraph of the court's charge, which is as follows:

"If you believe from a preponderance of the evidence that on the occasion in question fire escaped from defendant's engine and set fire to grass on or near its right of way, and that said fire, in its natural course and progress, burned to and over plaintiff's land, and that thereby plaintiff sustained financial loss and damage, you will find for the plaintiff such sum of money as will reasonably compensate him for such damage, according to the instructions hereinafter given you for measuring and determining the amount of same, unless you find for the defendant• under instructions hereinafter given you."

[1] It is urged that this charge permits a recovery without an affirmative finding by the jury that negligence was shown. The evidence shows practically without contradiction that the fire was caused by fire escaping from defendant's engine, either from the smokestack or the fire box, and igniting the grass and weeds on defendant's right of way. A. L. Rogers testified that he was plowing on the east side of the right of way on the occasion of the fire, and saw the fire start on the right of way soon after a northbound train passed, and that no one else was near the place where the fire started for some time before or at the time the fire started. Therefore we conclude that the evidence established the fact that the fire was communicated to plaintiff's pasture and meadow by fire from defendant's engine. Proof of injury to plaintiff by fire escaping from a locomotive engine of defendant establishes a prima facie case of negligence on the part of the latter, entitling plaintiff to recover unless rebutted, and the court may so instruct the jury. G., C. & S. F. Ry. Co. v. Johnson, 92 Tex. 591, 50 S. W. 563; G., H. & S. A. Ry. Co. v. Horne, 69 Tex. 643, 9 S. W. 440; G., C. & S. F. Ry. Co. v. Benson, 69 Tex. 407, 5 S. W. 822, 5 Am. St. Rep. 74; and many other decisions by the Supreme Court and Courts of Civil Appeals. Hence this assignment is overruled.

[2] In the second paragraph of the charge the court instructed the jury as follows:

"On the other hand, if you believe from the evidence that fire did escape from defendant's engine and set the fire which burned over plaintiff's land, but if from the evidence you further believe that the engine from which the sparks or fire escaped was equipped with the most approved spark arresters in use, and that the same were in good condition, and the agents and employees of the defendant, in charge of and operating said engine at the time, used ordinary care in operating same to prevent the escape of sparks and fire, you will find for the defendant, unless you find for the plaintiff under subsequent instructions given you herein."

Under the second and third assignments complaint is made to the refusal of the trial to give two special charges, in effect instructing the jury that the burden of proof was on plaintiff, throughout the case, not only to show negligence by a preponderance of the evidence, but also to show by the same preponderance that such negligence was the proximate cause of the fire and consequent damage to plaintiff. While it would have been proper for the court to have instructed the jury that the burden of proof was on plaintiff on the whole case, not only to establish negligence, but to show that such negligence, if any, was the proximate cause of the injury to plaintiff's grass, turf, and posts, yet we think, in view of the charges which the court did give, that no reversible error is shown by reason of the failure to give the two special charges heretofore mentioned.

In the third paragraph of the charge, the following instructions were given:

"If you believe from a preponderance of evidence that at the time in question dry grass and weeds were permitted by defendant to be and remain upon its right of way, and that fire escaped from defendant's engine and caught in said grass on the right of way, and if you believe that it was negligence on the part of the defendant to permit such grass and weeds to be on the said right of way, if it was, and you believe that said negligence, if any, was the proximate cause of the fire burning over plaintiff's land, defendant would be liable for such fire and the damage, if any, done to the plaintiff thereby, and in such event you should find for plaintiff, whether the engine in question was equipped with the latest approved spark arresters or not, and regardless of how it was operated at the time. But unless you believe

from a preponderance of the evidence that grass and weeds were permitted to be and remain on defendant's right of way at the time and place in question, and unless you further believe from a preponderance of the evidence that it was negligence on the defendant's part to permit the same to be and remain on said right of way, that such negligence, if any, was the proximate cause of the fire on plaintiff's land, you will find for the defendant and against the plaintiff on the issue submitted to you in this paragraph of the charge."

We think the charges given in paragraphs 2 and 3 sufficiently safeguarded defendant's rights upon the burden of proof. Leon & H. Blum v. J. A. Strong, 71 Tex. 321, 6 S. W. 167; I. & G. N. Ry. Co. v. Timmermann, 61 Tex. 660; Highland v. Railway (Tex. Civ. App.) 65 S. W. 649.

[3, 4] In the fourth assignment complaint is made that paragraph 2 of the court's charge imposed on defendant the absolute duty of having its engines equipped with the most approved spark arresters in use, and keeping the same in good condition; that the law only requires a railroad to use ordinary care to provide such equipment and to keep same in good condition. We think this criticism is well taken, and requires a reversal of the judgment, especially in view of the fact that the defendant submitted a charge, as shown under its fifth assignment, giving the proper instructions. It is true that the evidence is sufficient to sustain a much larger verdict than was given in the court below, and we feel that upon another trial the plaintiff may secure a larger verdict, yet we feel constrained to sustain these assignments, and reverse the judgment and remand the cause; and it is so ordered.

Reversed and remanded.