CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY V.
A. J. MYERS, SR.

No. 4513.   Decided June 16, 1926.

(   S. W.,   ).

1.—Railway—Fire—Negligence—Presumption.

The escape of fire from a locomotive engine causing the burning of property raises a presumption of negligence, throwing on the defendant railway the burden of proving that its engine was properly constructed, equipped with appliances in good order, and properly managed, to prevent the escape of fire. It does not raise any presumption that the coal with which it was operated was not of proper quality, nor, in the absence of evidence, cast on it the burden of showing the use of proper fuel, though negligence therein was alleged.   (Pp. 567-569).

2.—Same—Charge.

Where negligence of the defendant railway in using an improper quality of coal, whereby fire was communicated from its engine, was alleged, but no evidence either to prove or to disprove this was introduced, defendant was entitled to a requested instruction not to consider that allegation of negligence.   (P. 569).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Jack County.

Error was assigned on the refusal of the following charge requested by defendant: "You are instructed not to consider for any purpose the charge made in the pleading of plaintiff that defendant was guilty of negligence in using the kind and grade of coal that it did use on its locomotive engines." The Supreme Court referred the question certified to the Commission of Appeals, Section A, for its opinion thereon, and here adopt same and direct that it be certified as the answer of the court.

*Albert Baskin* and *Lassiter, Harrison & Pearson,* for appellant.

The court erred in refusing to give defendant's requested charge, which instructed the jury that they were not to consider for any purpose the claim made in the plaintiff's pleading that the defendant was guilty of negligence as to the kind of coal it used. This was error because the record was wholly bare of testimony even squinting at the proposition that there was anything wrong with the coal; and in view of the fact

that one of the grounds of negligence specially pleaded was that the coal was faulty and of an improper kind, and caused the fire, it was the defendant's right to have the jury instructed that they should disregard this claim of negligence. Hines v. Hodges, 238 S. W., 349; Hines v. Kelley, 252 S. W., 1033; M., K. & T. Ry. Co. v. Morgan, 146 S. W., 336

We see no escape from the conclusion that the law is that the burden rests on the plaintiff to prove his allegations of negligence where the proof on that issue is as much open to him as it is to the defendant; and on the question whether Bridgeport coal is inferior to other coal, so as to make its use in locomotive engines negligence, the facts are as much available to the plaintiff as to the defendant.

*Hood & Shadle,* for appellee.

The trial court did not err in refusing to give defendant's requested charge No. 4, which instructed the jury that they were not to consider for any purpose the claim made in plaintiffs' petition that the defendant was guilty of negligence as to the kind of coal it used, because the defendant did not and could not have suffered any injury whatever by reason of the failure of the court to give said requested charge. Railway Co. v. Adcock, 269 S. W., 144; Moose v. Railway Co., 212 S. W., 646; Railway Co. v. Blakeney-Stevens-Jackson Co., 106 S. W., 1140; Railway Co. v. Platzer, 73 Texas, 117; Railway Co. v. Coombs, 76 Ark., 132, 88 S. W., 595; Railway Co. v. Dawson, 77 Ark., 434, 92 S. W., 27; Railway Co. v. De Busk, 12 Colo., 294, 20 Pac., 752, 3 L. R. A., 350, 13 Am. St., 221; Railway Co. v. Dodd, 59 Ark., 317, 27 S. W., 227; Burke v. Railway Co., 19 Am. Rep., 618; Karsen v. Railway Co., 29 Minn., 12, 11 N. W., 122; Woodson v. Railway Co., 21 Minn., 60; Hogan v. Railway Co., 86 Mich., 615, 49 N. W., 509; Johnson v. Railway Co., 77 Iowa, 667, 42 N. W., 512; Barron v. Eldredge, 100 Mass., 455, 1 Am. Rep., 126; 3 Elliott on Railroads, Sec. 1243; 2 Thompson's Com. on Law of Neg. (2nd Ed.), p. 909, Sec. 2368.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit brought by Myers, as plaintiff, against the Chicago, Rock Island & Gulf Railway Company, as defendant, for damages on account of the destruction of certain buildings of the plaintiff by a fire which was set out by sparks emitted

from a certain steam locomotive of the defendant company while same was being operated along the line of the defendant's railroad. Among the grounds of negligence alleged, in the plaintiff's petition it is alleged that the setting out of the fire was caused by the negligence of the railroad company in using in said locomotive at the time "an improper and unsuitable grade of coal and said coal caused sparks and cinders of fire to be emitted" from the locomotive, which sparks and cinders set out the fire in question. Upon the trial it was proved by the plaintiff that said fire was set out by sparks that escaped from said locomotive. The testimony, on the part of the railroad company, was to the effect that said locomotive was properly constructed and equipped with the most approved appliances to prevent the escape of sparks, and same were suitable for the purpose and in good repair; and that the locomotive was handled skillfully and prudently to avoid the emission of sparks. This testimony was not contradicted by any witness. It was also proved that "Bridgeport" coal was being used as a fuel in said locomotive at the time said fire was set out. There was no evidence, from any source, that "Bridgeport" coal was of an inferior grade or that it emitted more sparks than other coal; nor did the defendant introduce any evidence to show that it was a proper or suitable grade of coal for use in railway locomotives.

The question certified by the Court of Civil Appeals relates to the correctness of the action of the trial court in refusing to give in charge to the jury a certain requested instruction specially requested by the defendant. The precise question of law raised by the action of the trial court in refusing such requested instruction and involved in answering the certified question herein is whether or not, upon the fact being proved that the fire in question was set out by sparks that escaped from said locomotive, there arose a presumption of fact from which the jury were authorized to determine that the coal being used at the time as a fuel in said locomotive was of unsuitable and improper grade, as alleged by the plaintiff, and that the railway company was guilty of negligence in that respect. According to the certificate of the Court of Civil Appeals, if such presumption arose from the proof that was made of the fact that said fire was set out by sparks from said locomotive, the action of the trial court in refusing the requested instruction was correct; but if such presumption did not so arise, then the refusal of the requested instruction was

error. We shall therefore consider the question of law, as stated above, which is necessary to be determined in making answer to the question certified.

The use of fire by railway companies for the purpose of operating their steam locomotives is lawful. In producing such fire, it is lawful for them to use any ordinary fuel fit for the purpose, including coal. (Lackawanna R. R. Co. v. Doak, 52 Pa. St., 379.) The duty, however, rests upon them to exercise due care to prevent the communication of the fire to the property of another. The burning of coal, of whatsoever grade, naturally generates sparks, as a necessary incident. The generation of sparks, being a necessary consequence of the use of coal of any grade as a fuel, cannot be avoided by human skill; therefore no presumption of negligence arises from the mere fact that sparks are generated. For if such a presumption were indulged, the ultimate effect would be to render the use of coal as a fuel in steam locomotives presumptive negligence. Ordinarily, however, the escape of sparks, with resulting damage to another's property, may be avoided by reasonable care and skill; which fact forms a basis for a prima facie presumption that reasonable care and skill is wanting, whenever sparks escape and set fire to property. The reason for indulging the presumption in such case being that the facts as to such care and skill are peculiarly within the knowledge of the railway company.

Our courts, in many decisions, have said, in a general way, that the mere fact that fire is set out by sparks escaping from a railway locomotive raises a presumption of negligence on the part of the railway company. But we have found no decision of this State, or of any other State of the Union which makes application of such presumption to the act of generating sparks by the use of coal of any grade as a fuel.

A fair deduction from all the decisions leads to the conclusion that the only respect in which a railway company is presumed to be negligent, from the mere fact that fire is set out by sparks escaping from its locomotives, is in causing or not preventing the *escape* of such sparks. That the presumption of negligence in such a case relates only to the escape of the sparks, and not to their generation, or the character of fuel used, or the quantity, size, or quality of the sparks generated, is shown by the uniformity with which the courts of the country define the proof necessary to rebut such prima facie presumption of negligence. Wherever the courts have

seen fit to give an expression on the subject they have declared, in substance and effect, that such prima facie presumption of negligence is rebutted when the railway company has proved that the locomotive that set out the fire complained of, was, at the time, of proper construction and prudently handled to avoid the emission of sparks; and was equipped with the most approved devices and appliances, adapted to the particular kind of fuel being used, to prevent the escape of sparks; and that same were in good repair and condition.  Gulf, C. & S. F. Ry. Co. v. Benson, 69 Texas, 409; Martin v. Railway Co., 87 Texas, 120; 11 Ruling Case Law, p. 991; 33 Cyc., pp. 1335-1364; 2 Thompson's Commentaries on Negligence, Sec. 2234.

No court, so far as we have been able to discover, has required a railway company, in order to rebut such prima facie presumption of negligence in such a case, to go further than to prove that the escape of the sparks which set out the fire was not the result of the company's negligence in that respect.

We conclude that the mere fact that fire was communicated to the property of Myers by sparks escaping from the defendant's locomotive, does not raise the presumption that the railway company was using an unsuitable or improper grade of fuel or was negligent in using the kind of fuel it did.

In our opinion the trial court committed error in refusing to give the requested instruction mentioned in the certificate, and we recommend that the question certified be so answered.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton*, Chief Justice.